**SHENG–YONG CAO, Petitioner**

v.

**ATTORNEY GENERAL OF the UNITED STATES, Respondent.**

No. 08–3402.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) Aug. 26, 2009.

Opinion filed: Aug. 31, 2009.

Ephraim T. Mella, Esq., Philadelphia, PA, for Petitioner.

Richard M. Evans, Esq., Nancy E. Friedman, Esq., Sada Manickam, Esq., United States Department of Justice, Office of Immigration Litigation, Washington, DC, for Respondent.

Before: BARRY, SMITH and HARDIMAN, Circuit Judges.

OPINION

PER CURIAM.

Sheng–Yong Cao petitions for review of an order of the Board of Immigration Appeals ("BIA") affirming the Immigration Judge's ("IJ") final order of removal. For

the reasons that follow, we will deny his petition for review.

Cao, a native and citizen of China, entered the United States in January 1992 bearing a false Japanese passport. He was denied entry and immediately applied for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"), claiming that he was terminated from his job and sought by the police after reporting his boss's corruption. His application remained unadjudicated until October 14, 2004, when the Government initiated removal proceedings against him. He then filed a supplemental asylum application in which he stated that he also feared returning to China because he had two U.S.-born children in violation of China's family planning policies. In August 2006, Cao filed another supplemental asylum application in which he re-stated both of these claims. He later amended his application after the birth of a third child in the United States. Following a hearing, the IJ denied relief, determining that Cao's testimony was not credible with respect to significant parts of his claim of retribution by his boss and the police and that, even assuming it was credible, he failed to demonstrate persecution on account of a protected ground. (A.R.55.) With respect to his sterilization claim, the IJ concluded that Cao had failed to meet his burden of proof. (*Id.*) The BIA affirmed and Cao filed a petition for review.

We have jurisdiction over this petition for review under 8 U.S.C. § 1252. To qualify for asylum, Cao must show that he is "unable or unwilling to return to [China] ... because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion."

8 U.S.C. § 1101(a)(42)(A); 8 U.S.C. § 1158. To establish eligibility for withholding of removal, he must demonstrate "a clear probability of persecution." *See Fatin v. INS*, 12 F.3d 1233, 1238 (3d Cir. 1993). "[P]ersecution connotes extreme behavior, including 'threats to life, confinement, torture, and economic restrictions so severe that they constitute a threat to life or freedom.' " *Ahmed v. Ashcroft*, 341 F.3d 214, 217 (3d Cir.2003) (quoting *Fatin*, 12 F.3d at 1240). The well-founded fear of persecution standard involves both a subjectively genuine fear of persecution and an objectively reasonable possibility of persecution. *See INS v. Cardoza–Fonseca*, 480 U.S. 421, 430–31, 107 S.Ct. 1207, 94 L.Ed.2d 434 (1987). For relief under the CAT, Cao must demonstrate that it is more likely than not that he would be tortured if removed to China. 8 C.F.R. § 208.16(c)(2).

The IJ denied relief because she found that Cao was not credible and had not met his burden of demonstrating a well-founded fear of persecution. These are both factual findings subject to review under the substantial evidence standard. *See Chen v. Ashcroft*, 376 F.3d 215, 222 (3d Cir.2004); *Abdille v. Ashcroft*, 242 F.3d 477, 483–84 (3d Cir.2001). Under this deferential standard of review, we will uphold the findings of the BIA or IJ "unless the evidence not only supports a contrary conclusion but compels it." *Abdille*, 242 F.3d at 484. However, an adverse credibility finding based on inconsistencies must be based on matters that go to the heart of the asylum claim.[1] *Gao v. Ashcroft*, 299 F.3d 266, 272 (3d Cir.2002). Because the BIA's decision clearly incorporated the adverse credibility findings made by the IJ,

---

1. In enacting the Real ID Act of 2005, Congress addressed this standard. *See* Real ID Act of 2005, Pub.L. No. 109–13, Div. B, § 101, 119 Stat. 231 (May 11, 2005), codified at 8 U.S.C. § 1158(b)(1)(B)(iii). However, the new provision does not apply to applications for relief filed before the enactment of the Act. *See id.*

we review both determinations at this time. *See Chen,* 376 F.3d at 222.

■ Based on a thorough review of the record, we conclude that the IJ's adverse credibility finding is supported by substantial evidence. Cao's primary claim for relief is that he would be persecuted based on his confrontation with his former employer in 1991. In his written asylum application, Cao alleged: "the president of the company where I was working in China wrongly used company funds to build his own house. When I confronted him about it and said that the company and the government in China was [sic] corrupt, the president used his political power as a member of the local government to have me beaten and have the police arrest me." (A.R.236.) He confronted the president, Mr. Wang, at an open meeting, where Mr. Wang denied the accusations and forced petitioner to leave the meeting. (A.R.276.) Cao claimed that Mr. Wang later offered him a bribe in exchange for petitioner's agreement not to expose him to the public, and when he refused, Mr. Wang sent people to beat him up. (A.R.276.) He reported this to the police, who did not respond to his complaints but did try to arrest him. (A.R.276.) Cao also claimed that he was listed as an anti-communist dissident and that he feared that the police would arrest him upon his return. (A.R.236.) As noted by the IJ and the BIA, however, Cao's testimony at the hearing differed from his written allegations in several significant respects: whether he returned to work after the incident or not, whether he quit his job or was fired, whether he was included on an anti-dissident list maintained by the Chinese government, whether such a list still existed, and whether the police continue to look for him despite the passage of fifteen years. In light of these discrepancies, the IJ concluded that Cao was not credible and the BIA agreed.[2] Based on the evidence in the record, we are not compelled to reach a contrary conclusion.

■ With respect to his sterilization claim, we agree that Cao failed to carry his burden of demonstrating an objectively reasonable possibility of sterilization should he be returned to China. *See Chen v. Ashcroft,* 376 F.3d 215, 223 (3d Cir.2004) (requiring asylum applicant to demonstrate by "credible, direct, and specific evidence an objectively reasonable basis for the claimed fear of persecution"). Cao presented to the IJ nothing more than his testimony that he has three U.S.-born children. (A.R.112.) The BIA has previously held that such evidence, without more, is insufficient to support an asylum claim based on China's coercive family planning policies. *See generally In re C–C–,* 23 I. & N. Dec. 899 (BIA 2006) (concluding that without additional evidence to the contrary, recent State Department Country Reports indicate that petitioner's claimed fear of forcible sterilization was not reasonable); *Yu v. Attorney Gen.,* 513 F.3d 346 (3d Cir.2008) (affirming BIA determination based on same evidence presented in *In re C–C–*); *see also Abdulai v. Ashcroft,* 239 F.3d 542, 554 (3d Cir.2001) (agreeing with IJ that respondent failed to sustain burden of proof in light of complete lack of evidence corroborating specifics of asylum claim).

Based on the foregoing, we conclude that the IJ's adverse credibility finding was based on specific reasons supported by the record, that Cao has not shown that the record compels a finding that he was credible and entitled to relief, and that the IJ's determination that Cao failed to dem-

---

**2.** The IJ also held, in the alternative, that Cao failed to demonstrate a well-founded fear of persecution on account of a protected ground.

onstrate a well-founded fear of persecution was supported by substantial evidence. Accordingly, we will deny the petition for review.