OPINION OF THE COURT
PER CURIAM.
Yi Mei Zhu (lead respondent) and her husband, Jie Jiang (derivative respondent) petition for review of the final removal order issued by the Board of Immigration Appeals (“BIA”) affirming the denial of Zhu’s application for asylum, withholding of removal and protection under the United Nations Convention Against Torture (“CAT”). For the reasons set forth below, we will deny the petition.
We highlight only those facts that are pertinent to our analysis. Zhu and Jiang, natives and citizens of the People’s Republic of China, come from that country’s Fu-jian Province. They entered the United States without valid visas or other entry documents. They conceded removability and requested asylum, withholding of removal, relief under the Convention Against Torture (“CAT”), and voluntary departure.
According to their testimony, Zhu and Jiang were married in a traditional ceremony in 1995, but they could not register the marriage with the government because Jiang was underage. Consequently, when Zhu became pregnant in May 1995, she went into hiding to avoid the Fujian Province family planning authorities. In November 1995, the authorities tracked her down and took her to a local hospital against her will where she received an injection to induce labor. She was then transported immediately to the Fouchou City Hospital where she aborted the pregnancy. Zhu was discharged from the hospital three days later. Zhu and Jiang registered their marriage in March 1996 and, in February 1997, Zhu had a son. The family planning authorities forced Zhu to have an intra-uterine device (IUD) inserted after their son’s birth. When Zhu and Jiang decided to have a second child, they fled to avoid China’s coercive family planning policies. Once in the United States, Zhu had her IUD removed. Their second child was born in the United States in 2004.
In support of her allegation that she underwent a forced abortion, Zhu submitted her out-patient medical record from Fouchou City Hospital. The Government submitted a State Department investigative report indicating, among other things, that the contents of the out-patient record were fabricated.[1] The Report was based on a certification by the Deputy Director of the Fouchou City Hospital that the patient record number “00025145” was not used in 1995; induced abortions could not be done on an out-patient basis; standard medical terminology was not used in the record; and the doctor or mid-wife whose signature appeared on the document never worked at the hospital. (J.A. at 307.)
The IJ denied asylum relief as untimely and denied withholding of removal and CAT relief because Zhu failed to show that she was entitled to relief. The IJ cited certain evidentiary inconsistencies and contradictions that had “a severe impact on the respondent’s [Zhu’s] credibility.” (J.A. 37.) First, she noted inconsistencies in the testimonies of Zhu’s husband and her sister concerning Zhu’s and Jiang’s arrival in the United States. Second, the IJ found that the investigative report, which indicated that Zhu’s out-patient medical record was fabricated, seriously *380 undermined her testimony about a forced abortion in November 1995. The IJ thus concluded that, absent credible evidence, Zhu failed to show that she had suffered past persecution.
The IJ also found that Zhu failed to show a well-founded fear of future persecution based on the State Department’s 2004 Country Report on Human Rights Practices in China (2004 Country Report), which indicated that China allowed couples to have two children if the births were separated by a period of years. Noting that there was a seven-year gap between the births of Zhu’s two children, the IJ concluded that there was insufficient evidence to find that the respondents would be forcibly sterilized in China for having a second child in the United States. The BIA affirmed the IJ’s untimeliness determination as to asylum and her adverse credibility determination as to all claims for relief, concluding that Zhu failed to meet her burden of establishing eligibility for asylum, withholding of removal, and CAT relief.
In most cases, we have jurisdiction to review a final order of removal involving the denial of asylum. 8 U.S.C. § 1252(a)(1). However, 8 U.S.C. § 1158 provides that no court shall have jurisdiction to review any determination regarding the timeliness of an asylum application and the applicability of the exceptions. See Tarrawally v. Ashcroft, 338 F.3d 180, 184-85 (3d Cir.2003). Under the REAL ID Act, we have jurisdiction to review constitutional claims and questions of law, but not factual or discretionary determinations related to the timeliness of an asylum application. Sukwanputra v. Gonzales, 434 F.3d 627, 634 (3d Cir.2006); 8 U.S.C. § 1252(a)(2)(D). Zhu has not raised any legal or constitutional claims regarding the IJ’s determination that her asylum claim was untimely.[2] Because we lack jurisdiction to consider her asylum application for timeliness, our review is limited to issues relating to the denial of withholding of removal and relief under the CAT.
To be eligible for withholding of removal, Zhu must demonstrate that it is more likely than not that her life would be threatened in China on account of race, religion, nationality, membership in a particular social group, or political opinion. Tarrawally, 338 F.3d at 186; 8 U.S.C. § 1231(b)(3)(A). To be eligible for CAT relief, Zhu must demonstrate that it is more likely than not that she would be tortured if removed to China. 8 C.F.R. § 208.16(c)(2).
When, as here, the BIA substantially relies on the IJ’s adverse credibility determination, the Court reviews the decisions of both the IJ and the BIA. Chen v. Ashcroft, 376 F.3d 215, 222 (3d Cir.2004). We may reverse the BIA’s decision only if the record permits but one reasonable conclusion that was not the one reached by the Board. I.N.S. v. Elias-Zacarias, 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). The IJ’s adverse credibility finding must be upheld unless any reasonable adjudicator would be compelled to conclude to the contrary. Fiadjoe v. Attorney General, 411 F.3d 135, 153 (3d Cir.2005). Only inconsistencies going to the heart of the claims will be deemed to compromise credibility.[3] Chukwu v. Attor *381 ney General, 484 F.3d 185, 189 (3d Cir.2007).
The IJ’s adverse credibility determination is supported by substantial evidence. Zhu testified that Fujian Province Family Planning authorities forced her to have an abortion very late in her pregnancy in 1995, but she submitted a fabricated outpatient medical record as corroborating proof. Her submission of a false document to support her claim wholly undermined her credibility. For this reason alone, a reasonable factfinder would not be compelled to conclude that the IJ’s adverse credibility finding was erroneous. See Tarrawally, 338 F.3d at 187 (holding that an adverse credibility determination is supported by substantial evidence, even where only some of the stated bases are appropriate).[4]
Citing Yeimane-Berhe v. Ashcroft, 393 F.3d 907 (9th Cir.2004),[5] she argues that the record lacks any evidence from which a reasonable factfinder could infer that Zhu knew that the out-patient medical record was fabricated. (Pet. Br. at 7-8.) The Government counters that we lack jurisdiction to consider Zhu’s argument because she failed to present it before the BIA. The Court’s jurisdiction is limited under § 242(d)(1) of the INA, to cases where the petitioner “has exhausted all administrative remedies available as of right....” 8 U.S.C. § 1252(d)(1); see Ab-dulrahman v. Ashcroft, 330 F.3d 587, 594-95 (3d Cir.2003). A petitioner has exhausted his administrative remedies if he raises all issues before the BIA. Based on the notice of appeal and Zhu’s brief before the BIA, we conclude that the BIA was not given sufficient notice of Zhu’s claim that she was unaware that the medical record was falsified. See Lin v. Attorney General, 543 F.3d 114, 121 (3d Cir.2008). Accordingly, we lack jurisdiction to review the unexhausted claim.
Zhu also argues that the IJ erred in giving the investigative report “enormous weight,” thereby failing to consider her credibility based on her testimony and demeanor. We disagree. By crediting the State Department’s investigative report, the IJ necessarily rejected Zhu’s testimony that someone at Fouchou City Hospital gave her the out-patient record personally while she was at the hospital and that she kept the record in her special drawer for important documents in her home in China, where it remained until her relatives retrieved it and sent it to the United States at her request. (J.A. at 279-81.) Even if Zhu’s demeanor was exemplary, faced with such contradictory evidence, the IJ had to accept one piece of evidence and reject the other. Here, there is substantial evidence supporting the IJ’s conclusion to credit the investigative report.[6] Hence, *382 we are not compelled to conclude that the IJ erred.
With respect to her well-founded fear of persecution claim, we agree with the BIA that Zhu failed to carry her burden of demonstrating that it is more likely than not that she or her husband would be sterilized upon their return to China. The 2004 State Department Country Report for China supports the conclusion that Zhu failed to show that her fear of sterilization was objectively reasonable. See Yu v. Attorney General, 513 F.3d 346, 348-49 (3d Cir.2008); In re C-C-, 23 I. & N. Dec. 899, 901-04 (BIA 2006) (concluding that, without additional evidence to the contrary, recent State Department Country Reports indicate that petitioner’s claimed fear of sterilization was not reasonable). Zhu’s testimony provided no evidence contradicting the Country Report.
Based on the foregoing, we concluded that the IJ’s adverse credibility finding was amply supported by the record, and thus will not upset the IJ’s determination that Zhu was not entitled to withholding of removal or for relief under the CAT. We further conclude that the IJ’s determination that Zhu failed to demonstrate a well-founded fear of persecution was supported by substantial evidence. Accordingly, we will deny the petition for review.

. The Report also verified the authenticity of the "periodic gynecological examination certificate” Zhu submitted to support her claim that her IUD was inserted by Family Planning authorities in China, and noted the examiners’ unsuccessful attempts to authenticate a letter from her husband's employer. (J.A. at 306.)

. The IJ ruled that Zhu failed to show that her asylum application was timely based on “the obvious contradictions between the male’s [Jiang’s] testimony and the testimony of the witness [Bo Yuan Zhu] and the total lack of documentation [like an airplane ticket stub] regarding the arrival of the female respondent [Zhu] into the United States.” (J.A. 37) In her brief, Zhu claimed that the IJ erred as a matter of fact in discrediting the evidence as to timeliness.

. Section 101(a)(3) of the REAL ID Act “applies only to cases where the applicant applied for asylum or other relief after May 11, 2005,” and accordingly does not apply in this *381 case. Chukwu v. Attorney General, 484 F.3d 185, 189 (3d Cir.2007).

. Although it does not change the result in this case, we note that, in making an adverse credibility determination, the IJ inappropriately relied on inconsistencies in testimony pertaining to the timeliness of Zhu's asylum application. These inconsistencies clearly do not go to the heart of her past persecution claim.

. In Yeimane-Berhe, the Ninth Circuit held that an IJ's adverse credibility finding based solely on a fraudulent medical record was not supported by substantial evidence where there was no evidence that the petitioner knew that the record was fabricated and nothing else in the record suggested that the petitioner was not credible. 393 F.3d at 911-13.

.Zhu's assertion that the IJ should have taken into account the fact that Chinese officials would not be willing to confirm that persecution had occurred, is belied by the Chinese authorities willingness to confirm the authenticity of the periodic gynecological examination.