OPINION OF THE COURT
PER CURIAM.
Pro se petitioners, wife and husband Xue Lin Zheng and Ming Wu, petition for review of an order of the Board of Immigration Appeals (“BIA”) affirming the Immigration Judge’s (“IJ”) final order of removal. For the reasons that follow, we will deny their petition for review.
Petitioners are natives and citizens of China. Zheng, the lead respondent, arrived in the United States in November 2001 without a valid entry document. Wu entered without inspection in November 1999. Both petitioners were charged with removability pursuant to INA § 212(a)(6)(A)® on March 29, 2006. In response, Zheng applied for asylum, withholding of removal, protection under the Convention Against Torture (“CAT”) and voluntary departure, with her husband as a rider on her petition. Based on the testimony and evidence in the record, the IJ concluded that Zheng had failed to demonstrate a likelihood of future persecution on the basis of having had two American-born children and, accordingly, denied relief. Petitioners appealed to the BIA and also requested that them proceedings be remanded to the IJ to consider additional information regarding family planning in China. The BIA denied the motion to remand, affirmed the opinion of the IJ, and dismissed the appeal on April 2, 2008.
Petitioners were initially represented by counsel, who failed to timely file a petition for review in this Court. Counsel then filed a motion before the BIA requesting that it re-issue its decision so that petitioners could timely file a petition for review. On December 3, 2008, the BIA denied the motion. On February 17, 2009, petitioners, then proceeding pro se, filed a second motion requesting that the BIA re-issue its decision, arguing that they should not be prejudiced by the failure of their attorney to timely file a petition for review. By order dated June 16, 2009, the BIA agreed and re-issued its order of April 2, 2008 dismissing their appeal. Petitioners time *948 ly filed a petition for review from that order.
We have jurisdiction over this petition for review under 8 U.S.C. § 1252. The IJ denied relief because he found that Zheng had not met her burden of demonstrating a well-founded fear of persecution. This is a factual finding subject to review under the substantial evidence standard, pursuant to which we will uphold the findings of the BIA or IJ “unless the evidence not only supports a contrary conclusion but compels it.” See Abdille v. Ashcroft, 242 F.3d 477, 483-84 (3d Cir.2001).
■ To qualify for asylum, Zheng must show that she is “unable or unwilling to return to [China] ... because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.” 8 U.S.C. § 1101(a)(42)(A); 8 U.S.C. § 1158. To establish eligibility for withholding of removal, she must demonstrate “a clear probability of persecution.” See Fatin v. INS, 12 F.3d 1233, 1238 (3d Cir.1993). “[P]ersecution connotes extreme behavior, including ‘threats to life, confinement, torture, and economic restrictions so severe that they constitute a threat to life or freedom.’ ” Ahmed v. Ashcroft, 341 F.3d 214, 217 (3d Cir.2003) (quoting Fatin, 12 F.3d at 1240). The well-founded fear of persecution standard involves both a subjectively genuine fear of persecution and an objectively reasonable possibility of persecution. See INS v. Cardoza-Fonseca, 480 U.S. 421, 430-31, 107 S.Ct. 1207, 94 L.Ed.2d 434 (1987). For relief under the CAT, Zheng must demonstrate that it is more likely than not that she would be tortured if removed to China. 8 C.F.R. § 208.16(c)(2).
Petitioners were married in a traditional ceremony in November 2004 and their marriage was registered in New York City in January 2006. They had two children together while in the United States. Zheng testified that she was concerned that she would be sterilized upon her return to China, although she was unaware of whether China’s family planning policy applied to people who give birth to children outside of the country. (A.R.310-12.) She also expressed fear that she would be jailed or fined upon her return for having been smuggled out of the country. (Id.) She conceded to the IJ that she had not experienced any persecution in the past. (Id.) The only other evidence submitted in support of their claim was a letter from •Zheng’s father-in-law enclosing a copy of their village’s local family planning policy. (A.R.329.) While the document, entitled “Combine Our Efforts in Thorough Implementation of Family Planning,” does acknowledge the use of abortions and sterilization to control childbirth rates, it is largely concerned with out-of-wedlock pregnancies and does not address petitioners’ situation. (A.R.325.)
Relying on the country reports, the IJ concluded that Zheng’s belief that she might be sterilized upon her return to China was not objectively reasonable, as there was no evidence in the country reports indicating that a Chinese citizen who gave birth overseas before returning to China would be subject to China’s family planning policies. The IJ noted that petitioners did not offer any evidence to contradict or rebut the country reports. The IJ further explained that the only restraint on petitioners upon their return might be a fine and the payment of an additional tuition fee for their second child, which the IJ found would not amount to persecution. Based on the foregoing, the IJ concluded that Zheng had failed to demonstrate a likelihood of persecution on the basis of having had two American-born children. Because she had not met the asylum stan *949 dard, the IJ concluded that she could not meet the higher withholding of removal or CAT standards either.
On appeal to the BIA, Zheng argued that her right to due process was violated by the IJ’s acceptance of country reports into evidence less than ten days before the merits hearing, and reliance on them in concluding that women who gave birth overseas are not subject to China’s family planning policies. The BIA noted that Zheng’s counsel failed to object to the admission of the country reports during the hearing, or to request a continuance or extension of time in which to submit rebuttal evidence, and held that petitioners had therefore waived any objection to the IJ’s admission of or reliance on this evidence. Next, Zheng argued that the IJ erred in concluding that she had not satisfied her burden of demonstrating a well-founded fear of persecution upon her return to China. However, as the BIA observed, Zheng made nothing more than generalized arguments to the contrary and did not point to any supporting evidence in the record.[1]
Based on a thorough review of the record, we conclude that Zheng failed to carry her burden of demonstrating an objectively reasonable possibility of sterilization should she be returned to China and, accordingly, the evidence does not compel a conclusion contrary to that reached by the IJ and the BIA. See Chen v. Ashcroft, 376 F.3d 215, 223 (3d Cir.2004) (requiring asylum applicant to demonstrate by “credible, direct, and specific evidence an objectively reasonable basis for the claimed fear of persecution”). While Zheng argues that the IJ failed to sufficiently analyze whether she would be subject to sterilization if returned to China, she presented to the IJ nothing more than her testimony that she had two U.S.-born children. The BIA has previously held that such evidence, without more, is insufficient to support an asylum claim based on China’s coercive family planning policies. See generally In re CC-, 23 I. & N. Dec. 899 (BIA 2006) (concluding that without additional evidence to the contrary, recent State Department Country Reports indicate that petitioner’s claimed fear of forcible sterilization was not reasonable); Yu v. Attorney Gen., 513 F.3d 346, 349 (3d Cir.2008) (affirming BIA determination based on same evidence presented in In re C-C-); see also Abdulai v. Ashcroft, 239 F.3d 542, 554 (3d Cir.2001) (agreeing with IJ that respondent failed to sustain burden of proof in light of complete lack of evidence corroborating specifics of asylum claim).
We also agree with the BIA that Zheng’s due process claim was not preserved for appeal. Zheng does not address this aspect of the BIA’s opinion in her appeal brief, arguing instead that the IJ erred in relying so heavily on the evidence presented by the Attorney General, which Zheng describes as “not much more than hearsay[] by the diplomats.” Despite Zheng’s characterization, country reports are a usual and accepted form of evidence in removal proceedings, and the IJ’s reliance on them does not constitute a violation of her right to due process. See Ambartsoumian v. Ashcroft, 388 F.3d 85, 89 (3d Cir.2004).
*950 Based on the foregoing, we conclude that the IJ’s determination that Zheng failed to demonstrate a well-founded fear of persecution was supported by substantial evidence. Accordingly, we will deny the petition for review.

. Zheng also requested a remand in order for the IJ to consider rebuttal evidence in the form of a series of news articles and cases which she alleged supported her claim of persecution, and were "new" and “previously unavailable”. The BIA held that nearly all of the documents submitted in connection with the motion to remand pre-dated the hearing before the IJ and therefore could have been timely provided to the IJ while those proceedings were originally pending. As Zheng does not raise this issue in her appeal brief, we do not address it any further.