**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-2205
_____

MEISHAN ZHAO,
                              Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                              Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A97-371-339)
Immigration Judge:  Honorable Annie S. Garcy

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 7, 2010
Before:  MCKEE, HARDIMAN and COWEN, Circuit Judges

(Opinion filed: July 27, 2010)
_____

OPINION
_____

PER CURIAM

        Petitioner Meishan Zhao is a citizen of the People's Republic of China who

petitions for review of the Board of Immigration Appeals's ("BIA") final order of

removal.  For the following reasons, we will deny the petition for review.

I.

Zhao entered the United States without inspection in March 2003, and in February 2004 filed an affirmative application for asylum and related relief based on her claim that she had been persecuted in China due to her religion and under the family planning policy. After an interview with an asylum officer in April 2004, Zhao's application was referred to the Immigration Court. Accordingly, in January 2005, the Department of Homeland Security ("DHS") issued a Notice to Appear alleging that Zhao was removable under 8 U.S.C. § 1182(a)(6)(A)(i). Through counsel, Zhao conceded her removability but renewed her application for asylum and related relief.

Zhao testified that, in October 2000, birth control officials removed her from her place of work and took her to a hospital where she was forced to undergo an abortion because she had violated the family planning policy by becoming pregnant while unmarried. Coworkers witnessed her being taken from the office, and she told a friend about the abortion. After the abortion, Zhao was harassed at work and was transferred to an office in the countryside, where she lived with her parents. During this time, she was very depressed and considered suicide.

In October 2001, Zhao began attending Christian church services at the recommendation of a friend. She told the congregation about the abortion and thereafter began attending weekly prayer meetings. Zhao was baptized in July 2002. However, in November 2002, five police officers disrupted a church gathering, confiscated the

parishioners' bibles, handcuffed the parishioners and took them to the police station. Zhao was interrogated and accused of being a member of an "evil cult." A police officer also physically abused her, banged her head against the wall, and raped her while she was in a solitary holding cell. The police officer attempted to rape Zhao a second time, but she screamed and threatened suicide, which caused the police officer to stop the assault. Zhao had permanently damaged her eye when she banged her head against the wall. She was released from police custody five days later when her parents paid 20,000 RMB. Zhao was, however, told to report to the police station once per week. Her family then paid a snakehead to arrange for her departure from China. Zhao entered the United States on March 1, 2003. She remains in sporadic contact with her family and some friends in China. She testified that a "family contact" told her that the police told her parents that if she returned to China then she would be sent to a forced labor camp.

The Immigration Judge ("IJ") denied Zhao's requests for asylum, withholding of removal, and relief under the United Nations Convention Against Torture ("CAT"). She based the decision on her finding that Zhao was not credible, and, alternatively, that she provided no corroborating evidence to support her claims and thus did not meet the burden of proof necessary to establish her eligibility for relief. As to the lack of corroboration, Zhao submitted evidence regarding her identity, but, as the IJ explained, she did not offer any affidavits from family members or former co-workers, affidavits or other documentation from the church she attended in China, medical reports confirming

3

the damage to her eye, employment records, or testimony or affidavits from the church that she attends in New Jersey. Zhao explained her failure to submit supporting evidence by asserting that was unaware that she needed to do so. The IJ rejected this explanation.

Two weeks later, Zhao filed a motion to reopen before the IJ that included letters from her mother and a coworker. She also attempted to correct what she contended was an erroneous translation of the statement attached to her asylum application. Zhao justified submitting the documents in a motion to reopen by stating that it was not until the merits hearing that she "first became aware of what corroborative evidence the Court believes would corroborate her testimony." The IJ denied the motion, finding that "all of the evidence proffered could have easily been filed by [Zhao] by the time the hearing commenced." The IJ also determined that the evidence did not demonstrate a material change in Zhao's case, as is required for reopening.

The BIA dismissed Zhao's appeal. It did not affirm the adverse credibility finding, but agreed that the combination of Zhao's weak testimony and lack of corroboration were fatal to her claims. Despite Zhao's argument to the contrary, the BIA concluded that the IJ appropriately engaged in the corroboration analysis required by Abdulai v. Ashcroft, 239 F.3d 542, 554 (3d Cir. 2001), and agreed that Zhao's explanation for her lack of documentation was insufficient. The BIA also affirmed the denial of the motion to reopen, concluding that Zhao had failed to adequately explain why the documents were previously unavailable.

4

Through counsel, Zhao now petitions for review of the BIA's final order of removal.

## II

We have jurisdiction to review the BIA's final order of removal under 8 U.S.C. § 1252(a). The BIA's decision is reviewed under the substantial evidence standard and will be upheld "unless the evidence not only supports a contrary conclusion, but compels it." Zubeda v. Ashcroft, 333 F.3d 463, 471 (3d Cir. 2003) (internal citation omitted).

Zhao argues that the BIA erred in denying her claim based on her failure to corroborate her claims. In particular, she asserts that she has post-traumatic stress disorder and that requiring her to corroborate her claims is unreasonable as it would cause her to relive the trauma that she suffered. However, as the Government asserts, Zhao did not challenge the corroboration ruling on this basis before the BIA—she asserted throughout each stage of the proceedings that she was unaware that she was required to present such evidence not that it was too traumatic for her to do so. This issue is therefore unexhausted and we lack jurisdiction to consider it.[1] See Bonhometre v.

---

[1] We note that even if we did have jurisdiction to review this claim, it would likely fail. While Zhao was undoubtedly traumatized by the events she described, we have not held that such trauma relieves a petitioner of the requirement to proffer reasonably available evidence that corroborates her claim. Cf. Fiadjoe v. Att'y Gen., 411 F.3d 135 (3d Cir. 2005) (noting that the petitioner, whom, for eleven years was held by her father as a slave and subjected to physical beatings and frequent rape, corroborated her claim with United States Department of State Country Reports and a report by a psychologist who treated her for trauma).

5

Gonzales, 414 F.3d 442, 447 (3d Cir. 2005).

Further, substantial evidence supports the BIA's conclusion that Zhao failed to meet her burden of proof to obtain asylum by unreasonably failing to corroborate her claims. To qualify for asylum, an applicant must demonstrate that she has suffered past persecution or has a well-founded fear of future persecution. See 8 U.S.C. § 1101(a)(42). "Moreover, an applicant for asylum must provide reasonable evidence to corroborate testimony when it is reasonable [to do so] and there is no satisfactory explanation for its absence." Sandie v. Att'y Gen., 562 F.3d 246, 252 (3d Cir. 2009) (citing Toure v. Att'y Gen., 443 F.3d 310, 323 (3d Cir. 2006)). Accordingly, denial of relief may be predicated on a failure to corroborate when: "(1) the IJ identifies facts for which it is reasonable to expect the applicant to produce corroboration, (2) the applicant fails to corroborate, and (3) the applicant fails to adequately explain that failure." Chukwu v. Att'y Gen., 484 F.3d 185, 191-92 (3d Cir. 2007) (citing Abdulai, 239 F.3d at 554).[2]

Here, the BIA and IJ engaged in the inquiry required by Abdulai. The BIA agreed that Zhao should have presented items such as: (1) an affidavit from the friend whom she told about the abortion, (2) an affidavit from her parents with whom she lived after the abortion and who paid to have her released from police custody, (3) a medical report

---

[2] We note that the REAL ID Act amendments regarding credibility and corroboration do not apply to Zhao's case because she filed her asylum application prior to the Act's effective date. See Chukwu, 484 F.3d at 191-92. However, the Act merely codified existing law regarding corroboration. Id.

concerning her eye injury, and (4) an affidavit from a member of the church that she attends in New Jersey. Based on the circumstances of this case, we agree with the BIA that it was reasonable to expect Zhao to submit such supporting evidence. Any argument that she could not have obtained such evidence is belied by the fact that she offered letters from her mother and a coworker in her motion to reopen, which was filed soon after the IJ denied her claims. She also could have visited a doctor in the United States to confirm that her eye was damaged and/or to substantiate her new claim that she suffers from post-traumatic stress disorder. As the BIA explained, the petitioner's burden to support her claim is well-established, see Abdulai, 239 F.3d at 554-55, and we agree that Zhao's assertion that she did not know that she had to corroborate her claim is inadequate, especially as she had been represented by counsel for at least three years prior to the merits hearing. Thus, we find nothing in the record that would compel us to conclude that the BIA erred in affirming the denial of her requests for relief.

Because Zhao did not meet her burden of proof as to her asylum claim, her claim for withholding of removal necessarily fails, as does her claim for protection under the CAT. See Yu v. Att'y Gen., 513 F.3d 346, 349 (3d Cir. 2008).

To the extent that Zhao challenges the denial of her motion to reopen, the BIA did not abuse its discretion in affirming the IJ's decision. See Ezeagwuna v. Ashcroft, 325 F.3d 396, 409 (3d Cir. 2003). In removal proceedings, motions to reopen may be granted when a party seeks to present new evidence that "is material and was not available and

7

could not have been discovered or presented at the former hearing." 8 C.F.R. § 1003.2(c)(1). Zhao did not claim that the letters from her mother and coworker, or the explanation of the translation error, were not previously available; rather, she asserted only that she did not know she needed to present such information. This, combined with her ability to proffer the evidence so quickly after the merits hearing, constitutes substantial evidence supporting the conclusion that she did not demonstrate that evidence could not have been obtained in time to be presented at her merits hearing.

For the foregoing reasons, we will deny Zhao's petition for review.