

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-15-2008

# Yu v. Atty Gen USA

Precedential or Non-Precedential: Precedential

Docket No. 06-3933

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Yu v. Atty Gen USA" (2008). *2008 Decisions.* Paper 1651.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1651

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 06-3933

XIU JIN YU; YONG SHENG LIU,
Petitioners

v.

ATTORNEY GENERAL OF THE UNITED STATES

On Petition for Review of an Order of the Board of
Immigration Appeals
Nos. A79-458-432 and A79-309-522
Immigration Judge:  Hon. Charles M. Honeyman

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 11, 2007

BEFORE:  RENDELL and STAPLETON,
*Circuit Judges*, and IRENAS, *District Judge\**

(Opinion Filed: January 15, 2008)

---

Henry Zhang
Zhang and Asociates
325 Broadway, Suite 303
New York, NY  10007
  Attorney for Petitioners

John A. Nolet
U.S. Department of Justice
Tax Division
P.O. Box 52
Washington, DC  20044
  and
Michael P. Lindemann
Jonathan Potter
Paul F. Stone
U.S. Department of Justice
Office of Immigration Litigation
P.O. Box 878
Ben Franklin Station
Washington, DC  20044
  Attorneys for Respondent

---

*Hon. Joseph E. Irenas, Senior District Judge for the District
of New Jersey, sitting by designation.

OPINION OF THE COURT

STAPLETON, Circuit Judge:

Two petitioners, a husband and wife from China's Fujian province, seek asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"), based on their fear that one or both of them will be forcibly sterilized for violating China's family planning regime if they are forced to return. Specifically, the couple alleges that they are at risk because they had a second child while residing in the United States. The BIA determined that petitioners had failed to show that their fear of sterilization was an objectively reasonable one and denied relief. This petition for review followed.

**I.**

In order to prove the objective reasonableness of their claimed fear of sterilization before the BIA, petitioners relied almost exclusively on an affidavit prepared by retired demographer Dr. John Aird. In that affidavit, Dr. Aird opined that Chinese couples returning to China with unauthorized children "cannot expect to be exempt" from the family planning policy because:

> to ignore their violations would tend to undermine
> the enforcement of the rules in China. The

3

Chinese authorities cannot afford to let rumors get out that couples of childbearing age can evade the one-child limit by leaving the country illegally, having unauthorized children in foreign countries and returning home without suffering the standard penalties . . . . the concerns of Chinese couples over what awaits them if they are repatriated with children born abroad without official permission are probably in most cases well-founded.

App. at 321-22.

The BIA concluded that "the evidence presented was insufficient to establish that there was a national and uniform policy of sterilizing returning Chinese citizens who have more than one child" or "that [petitioners] belong[ed] to some subgroup, such as those residing in a particular province or region, against whom coercive enforcement of the 'one child' program remains systematic." *In re Yu*, A79 458 432 (BIA Aug. 14, 2006). For both of these propositions, the BIA cited to its recent decision in *Matter of C-C-*, 23 I. & N. Dec. 899 (BIA 2006), which it found to be indistinguishable.

II.

It is the petitioner's burden to establish "a well-founded fear of persecution," which encompasses "threats to life, confinement, torture, and economic restrictions so severe that they constitute a threat to life or freedom," including forced sterilization. 8 U.S.C. § 1101(a)(42)(B); *Abdille v. Ashcroft*, 242 F.3d 477, 492 (3d Cir. 2001); *Fatin v. I.N.S.*, 12 F.3d 1233,

4

1240 (3d Cir. 1993). If what the petitioner fears is properly characterized as persecution, the claim's viability turns on whether it is shown that this fear is well-founded. Petitioners must demonstrate "a subjective fear . . . that is supported by objective evidence that persecution is a reasonable possibility." *Balasubramanrim v. I.N.S.*, 143 F.3d 157, 165 (3d Cir. 1998). Whether or not a petitioner has made this showing is a determination for the BIA to make; we are charged only with ascertaining whether its conclusion is supported by substantial evidence. The BIA's determination will not be disturbed unless "any reasonable adjudicator would be compelled to conclude to the contrary." *Dia v. Ashcroft*, 353 F.3d 228, 249 (3d Cir. 2003*)*; 8 U.S.C. § 1252(b)(4)(B).

The sole issue before us is whether petitioners' claimed fear of forcible sterilization is a reasonable one. With respect to that issue, the record in this case is identical to the record before the BIA in *Matter of C-C-*; both petitioners relied almost exclusively on an affidavit of Dr. Aird setting forth essentially the same opinions for the same reasons, and the government's responding evidence in both cases consisted of the same State Department reports.[1]

In *Matter of C-C-*, the BIA concluded that "the latest documents on country conditions issued by the State Department

---

[1]Although the record in *Matter of C-C-* included the 2005 State Department Country Report and the instant record only contains the corresponding 2004 State Department Country Report, both reports are, in relevant part, substantially the same.

5

conflict with the views of Dr. Aird." 23 I. & N. Dec. 899, 902 (BIA 2006). It noted that the most recent State Department Country Reports advised "that central government policy 'formally prohibits the use of physical coercion to compel persons to submit to abortion or sterilization.'" *Id*. at 903. The BIA further pointed to the 2004 State Department China Profile which reported that American diplomats residing in China were not aware of a single incident where an individual returning with foreign-born children was forcibly sterilized. The BIA found this report consistent with reports on Chinese population control policy from other governments, including the United Kingdom and Canada. In contrast, the BIA explained that it was hesitant to credit Dr. Aird's conclusions about the current state of Chinese affairs because his affidavit was not based on personal knowledge, but rather on a pool of documentary evidence from the 1980s and 1990s. *Id*. at 901-02. In addition, the BIA explained that Dr. Aird never spoke directly to the matter at hand -- the likelihood of forcible sterilization in cases where "an alien with two children" was returning to China. Indeed, the "affidavit provide[d] only generalized statements that Chinese citizens who entered the United States illegally would be subject to the same punishments that apply to Chinese couples. . . . No example of a woman being sterilized because she returned to China with a child born abroad [was] cited in the affidavit." *Id*. Consequently, in *Matter of C-C-*, the BIA concluded:

> Having considered all of the relevant evidence, we find that the State Department reports are more persuasive than the Aird affidavit in determining the chances that the respondent will be sterilized if she returns to China. *See*

6

> *Wang v. BIA*, 437 F.3d 270, 276 (2d Cir. 2006) (noting that "a balancing of the 2004 Country Report against the Aird affidavit's criticism of that report . . . would lead to the conclusion . . . that [the alien] has not shown he would face anything more than economic sanctions if returned to China").

23 I. & N. Dec. at 903. Because it viewed the cases as indistinguishable, the BIA reached the same conclusion in this case. *In re Yu*, A79 458 432 (BIA Aug. 14, 2006).

This Court has repeatedly recognized that State Department reports may constitute substantial evidence, *see, e.g.*, *Ambartsoumian v. Ashcroft*, 388 F.3d 85, 89 (3d Cir. 2004), and the BIA's explanation of why it decided to credit these reports over the Aird affidavit is well reasoned. It necessarily follows that the BIA's resolution of this matter was supported by substantial evidence.

Contrary to petitioners' suggestion, the conclusion we reach is not inconsistent with our decision in *Guo v. Ashcroft*, 386 F.3d 556, 565 (3d Cir. 2004), where we held that a similar affidavit of Dr. Aird could provide a *prima facie* case for reopening a removal proceeding. *Id.* at 565 ("We conclude that where a motion to reopen is accompanied by substantial support of the character provided by the Aird affidavit, the Government's introduction of a five-year-old State Department report, without more, hardly undermines Guo's *prima facie* showing."). In this case, the issue before the BIA was not whether petitioners made a *prima facie* showing for reopening,

7

but whether they had carried their ultimate burden of persuasion in making an asylum claim. Our role in this latter context is limited to determining whether there is substantial evidence to support the BIA's conclusion with respect to that matter. As noted, we conclude that there is.

Since the threshold for asylum is lower than for protection under the withholding of removal or CAT provisions, rejection of the petitioners' asylum claims necessarily requires that their CAT and withholding claims be rejected as well. *See, e.g., I.N.S. v. Cardoza-Fonseca*, 480 U.S. 421, 423 (1987); *Janusiak v. I.N.S.*, 947 F.2d 46, 47 (3d Cir. 1991).

IV.

For these reasons the petition for review will be denied.[2]

---

[2]After the IJ's decision was affirmed, the petitioners had a third child. Although the petitioners rely heavily on this development in their brief, it has never been the subject of any BIA proceedings and therefore is not properly before us. *See, e.g.*, 8 U.S.C. § 1252(b)(4)(A) (a court may only decide the petition on the administrative record on which the order of removal is based).