

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-6-2008

# Lin v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1181

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Lin v. Atty Gen USA" (2008). *2008 Decisions.* Paper 1265.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1265

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
___

No. 07-1181
_____

BI CHAI LIN,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A97 646 953)
Immigration Judge: Daniel A. Meisner

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 1, 2008

Before: SLOVITER, STAPLETON and COWEN, <u>Circuit Judges</u>

(Opinion filed: May 6, 2008)
_____

OPINION
_____

PER CURIAM

    Bi Chai Lin, a native and citizen of China, petitions for review of a final order of

the Board of Immigration Appeals ("BIA"), affirming the Immigration Judge's ("IJ")

decision denying asylum and related relief. We will deny the petition.

Lin, a native of Fujian Province, People's Republic of China, entered the United States without inspection on June 17, 2000. In October 2003, Lin was charged as being removable for being present in the United States without having been admitted or paroled. Lin conceded removability and applied for asylum, withholding of removal, relief under the Convention Against Torture ("CAT"), and voluntary departure in alternative to removal. Lin argued that she would be persecuted under the family planning policy in China because of the two children she gave birth to in the United States, and because she was pregnant with a third child. After a hearing in July 2005, the IJ denied relief, finding that Lin had failed to meet her burden to establish a well-founded fear of future persecution, and ordered Lin removed to China.[1] The IJ granted the application for voluntary departure. The BIA adopted and affirmed the IJ's decision, agreeing that Lin had "not demonstrated an objectively reasonable fear of persecution . . . ." A.R. 2. Lin's petition for review is now before the Court.[2]

As noted, Lin's sole claim for relief from removal was based on her fear of future

---

[1] The IJ also found that Lin failed to meet her burden for withholding of removal or protection under the CAT.

[2] Lin commenced this appeal by timely filing a "petition for review and Complaint for Injunctive Relief and Declaratory Relief [pursuant to § 2241]" and a motion for a stay of removal. On April 5, 2007, this Court denied the motion for a stay and granted the Government's motion to dismiss to the extent the petition sought relief under 28 U.S.C. § 2241 and injunctive relief. The Court construed the claims and arguments in the petition to be in support of a petition for review, which is the petition we now consider.

2

persecution; thus, the question before this Court is whether she met her burden of showing that her fear of sterilization was objectively reasonable.

We use a substantial evidence standard to review findings of whether an applicant has a well-founded fear of future persecution. Gao v. Ashcroft, 299 F.3d 266, 272 (3d Cir. 2002). Under the substantial evidence standard, findings are upheld "unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); Zheng v. Gonzales, 417 F.3d 379, 381 (3d Cir. 2005).

In support of her claims for relief, Lin produced a letter from her mother stating that if Lin is sent back to China, her mother worries that Lin would be sterilized, just as Lin's mother was in the 1980s. Lin also submitted identification information, verification of her pregnancy, and the Fujian Province Family Planning Regulations.[3] The record also includes the State Department's 2004 profile on asylum claims for China ("2004 Profile"). The IJ relied on the 2004 Profile, which stated that there had been no cases of forced abortion or sterilization in Fujian province in the last ten years, and that the population policy was enforced by social pressure and fines rather than forced sterilization or abortion. A.R. 261-62. The IJ also noted that Lin had produced no evidence that her U.S. citizen children could not remain in the United States. A.R. 264.

On appeal to the BIA, Lin argued only that the IJ applied the wrong standard in

---

[3] As the IJ noted, Lin only submitted the odd-numbered pages of the translation of the regulations. A.R. 210-15; 263.

3

determining that she had failed to establish a well-founded fear of persecution.[4] The BIA

affirmed the IJ's denial of asylum, mentioning specifically the 2004 Profile, and noting

that it had recently held in Matter of C-C-, 23 I&N Dec. 899 (BIA 2006) that the birth of

foreign-born children to Chinese nationals returning from abroad did not establish a prima

facie case for asylum. A.R. 2.

In her brief to this Court, Lin mentions in passing the holding of Cardoza-Fonseca,

and argues that the IJ's and BIA's decisions are wrong, because "a reasonable person in

Ms. Lin's circumstances would fear persecution upon return to China because of her

violations of China's coercive family planning policy." Petitioner's Brief at 10. The bulk

of her brief, however, argues that her claims are supported by facts presented in recent

cases in this Circuit and the Second and Eleventh Circuits, including an affidavit by Dr.

John Aird, the State Department's 2005 Country Report, and 2003 documents from the

Changle City Family-Planning Administration and the Fujian Province Department of

Family-Planning Administration. These documents were not produced in Lin's

proceedings before the IJ or the BIA.

Our review of the record is confined solely to the evidence that Lin presented to

the agency. 8 U.S.C. § 1252(b)(4); see Berishaj v. Ashcroft, 378 F.3d 314, 328-30 (3d

---

[4] Although Lin's brief to the BIA is less than clear, it appears that she was arguing that
the IJ failed to apply the holding of INS v. Cardoza-Fonseca, 480 U.S. 421, 449 (1987)
that an alien need not prove that it is more likely than not that she will be persecuted in
her home country.

Cir. 2004) (declining to take judicial notice of new country reports, and observing that "[i]t is a salutary principle of administrative law review that the reviewing court act upon a closed record."); Sewak v. INS, 900 F.2d 667, 673 (3d Cir. 1990) ("Congress has expressly limited our determination of petitions for review of orders of deportation solely to the administrative record and the appropriately supported findings of fact made below.").  Based on the evidence in the record below, we hold that the IJ did not err in finding that Lin had not met her burden of showing a well-founded fear of future persecution.  Cf. Yu v. Attorney General, 513 F.3d 346, (3d Cir. 2008) (BIA decision which found that latest State Department Country reports and 2004 Profile conflicted with Aird affidavit was supported by substantial evidence).[5]

For the foregoing reasons, we will deny the petition for review.

---

[5] We agree that as she failed to meet the standard for asylum, she likewise failed to meet the higher burden for withholding of removal.  We also agree that there is no evidence in the record that Lin will be tortured upon her return to China.