

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-17-2009

# Liu v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-2737

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Liu v. Atty Gen USA" (2009). *2009 Decisions.* Paper 1175.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1175

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**IMG-094**                                                        **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 08-2737

JIAN SONG LIU,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A98 940 240)
Immigration Judge:  Honorable Miriam K. Mills

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 11, 2009

Before:  AMBRO, FISHER AND JORDAN, Circuit Judges

(Opinion filed: June 17, 2009)

OPINION

PER CURIAM

Jian Song Liu, a native and citizen of the People's Republic of China, petitions for

review of the BIA's decision denying his applications for asylum, withholding of removal

and protection under the Convention Against Torture ("CAT").

Liu entered the United States on June 12, 2005, without any valid entry, travel or identity documents. At the airport, Liu underwent a credible fear interview and stated that he fled China because of persistent ridicule by his father and other people in his life. The government issued a Notice to Appear, charging him with removability under INA § 212(a)(7)(A)(i). Liu conceded removability and applied for asylum, withholding and protection under CAT.

At the merits hearing, Liu testified that he suffered past persecution on the basis of his practice of Falun Gong, and that he feared future persecution on that basis and on account of his illegal exit from China. Liu testified that his uncle, Guang Lin Li, introduced him to Falun Gong in January 2002, and that he eventually began practicing once a week. On September 20, 2003, at 8 p.m., the police stormed a house where Liu and another individual were practicing Falun Gong. They arrested Liu, put him in handcuffs and took him to a police station nearby. They smacked him, his face hit the corner of the table, and his head started bleeding. They detained him overnight. The next day, they interrogated him again and questioned his reasons for practicing Falun Gong. Liu told them he believed that it would promote good health. After shining a light in Liu's face, the police left. Liu remained in detention. The third interrogation occurred on September 27, 2003. The police brought Liu into a room and forced him to review material that disparaged Falun Gong. He was eventually released. Liu testified that the

2

government maintained a record of his arrest, such that he could not live in the manner he had lived before. Liu testified that his parents then paid a smuggler (known as a "snakehead") $60,000 to bring him to the United States.

On cross-examination, Liu admitted that he never mentioned Falun Gong during his credible fear interview, which was conducted in Foo Chow, his native language. Liu explained that the smuggler counseled him not to mention Falun Gong, and that he felt compelled to follow his advice. As a result, Liu falsely told the immigration officer that he feared returning to China because he had lived a life of ridicule and isolation: people including his own father made fun of him because of his poor eyesight and slow manner of walking and working. Among other documentary evidence, Liu submitted a letter from Li, the man who introduced him to Falun Gong, to corroborate his arrest, and photographs showing Liu holding particular Falun Gong poses.

The IJ denied relief on the basis that Liu lacked credibility and had failed to meet his evidentiary burden. The IJ determined that Liu lacked credibility because of inconsistent testimony. Specifically, the IJ noted that Liu completely omitted any mention of Falun Gong during his credible fear interview.[1] The IJ also noted that Liu had described Guang Ling Li as his "uncle," even though Li describes himself in a letter as a "close friend" of Liu. Liu explained that followers of Falun Gong often refer to each

---

[1] We note that Liu has not challenged the manner in which the credible fear interview was conducted.

other as a "close friend," but the IJ refused to believe that Liu's uncle would have completely omitted any mention of their blood tie.

The IJ also faulted Liu for failing to "show the genuineness" of his Falun Gong practice in the U.S. or in China. The IJ determined that Liu had not established a foundation from which the IJ could determine what the poses meant, or their fidelity to Falun Gong. The IJ also concluded that Liu would not face imprisonment or arrest upon return to China for his illegal exit, but that he might encounter a brief detention while waiting for his family members to retrieve him.

The BIA adopted and affirmed the decision of the IJ. Specifically, the BIA found no clear error in the IJ's adverse credibility determination because the BIA agreed that Liu's explanation for why he lied at the credible fear interview was not convincing. The BIA also referenced an investigative report affirming the authenticity of Liu's supporting medical documents. The BIA determined that, even assuming the authenticity of these documents, ample evidence supported the IJ's credibility determination. Liu then filed this petition for review.

We have jurisdiction over final orders of removal. 8 U.S.C. § 1252(a)(1). "[W]hen the BIA both adopts the findings of the IJ and discusses some of the bases for the IJ's decision, [this Court has] authority to review the decisions of both the IJ and the BIA." Chen v. Ashcroft, 376 F.3d 215, 222 (3d Cir. 2004). This Court reviews the factual findings for substantial evidence. Briseno-Flores v. Att'y Gen., 492 F.3d 226, 228

4

(3d Cir. 2007). The IJ's and BIA's decision will not be disturbed "unless any reasonable adjudicator would be compelled to conclude to the contrary." Yu v. Att'y Gen., 513 F.3d 346, 348 (3d Cir. 2008) (quotation omitted).

In his petition for review, Liu contends that the BIA engaged in improper factfinding by considering an investigative report affirming the authenticity of documents Liu had submitted regarding his medical care and prescription. Liu contends that the BIA should have remanded his case to the IJ to consider the report. This argument is unavailing because the BIA considered the report favorably to Liu. He suffered no disadvantage as a result of the BIA's crediting and considering the report.

Liu also contends that the IJ's adverse credibility determination is not supported by substantial evidence. We disagree. Inconsistencies in an applicant's testimony may support an adverse credibility determination.[2] Chen, 376 F.3d at 224. Here, the IJ identified specific inconsistencies in Liu's testimony that support her conclusion, principally the discrepancy between Liu's credible fear interview and his testimony at the merits hearing.[3] The BIA affirmed the IJ's decision and considered Liu's explanation for the discrepancy between the interviews unpersuasive. As Liu admitted to lying at the

---

[2]As Liu filed his application for asylum after May 11, 2005, the REAL ID Act applies to his claim, and even minor inconsistencies are sufficient when considering the "totality of the circumstances." 8 U.S.C. § 1158(b)(1)(B)(iii).

[3]An IJ may properly rely on substantial discrepancies between statements given at an airport interview and at the merits hearing when the airport interview was conducted in the petitioner's native language, and there are no concerns about the manner in which the interview was conducted or transcribed. See Chen, 376 F.3d at 224.

5

credible fear interview and offered an implausible explanation – that the smuggler told him *not* to mention Falun Gong, which is a legitimate basis for an asylum claim – we do not believe that a reasonable factfinder would be compelled to conclude that Liu was credible. Accordingly, substantial evidence supports the IJ's and BIA's conclusion. We will deny the petition for review.