**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 09-1361

_____

YAN FENG PAN,
                              Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                              Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A88-376-012)
Immigration Judge:  Honorable Henry S. Dogin

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 1, 2010
Before: SLOVITER, JORDAN and GREENBERG, Circuit Judges

(Opinion filed:April 2, 2010 )

_____

OPINION

_____

PER CURIAM

Petitioner Yan Feng Pan is a native and citizen of the People's Republic of China

who petitions for review of the Board of Immigration Appeals's ("BIA") final order of

removal.  For the following reasons, we will deny the petition for review.

I.

Pan entered the United States in April 2000. She married a Chinese citizen in September 2002 and thereafter gave birth to two sons. The Department of Homeland Security ("DHS") issued a Notice to Appear in October 2007, alleging that, at the time of her entry into the United States, Pan did not possess a valid entry document. Pan conceded that she was removable, but filed an application for political asylum and related relief claiming that she feared that she would be sterilized for violating the family planning policy if she returned to China.

At Pan's removal proceeding, the Immigration Judge ("IJ") denied Pan's requests for relief, referencing In re J-W-S-, 24 I. & N. Dec. 185 (BIA 2007), which held it was not objectively reasonable for a petitioner to fear forced sterilization if removed to China after having two children in the United States. The IJ acknowledged that in addition to the information that was submitted in J-W-S-, Pan had introduced several other documents, including affidavits from family members and friends who live in China and had been forcibly sterilized for violating the family planning policy. The record in Pan's case also included, among other things, the 2007 United States Department of State Country Report for China and an April 2007 report ("Liu Report") by Susanna Liu, a USCIS investigator for the Guangzhou, China sub-office. The Liu Report was created in response to numerous requests from DHS offices seeking information regarding the scenario presented by Pan's claim and condenses and evaluates numerous statements

2

from the Fujian Province Population and Family Planning Commission ("the Commission"). Although the Liu Report contains language indicating that foreign-born children may be counted against parents for purposes of family planning compliance, neither it nor the 2007 Country Report stated that sterilization would be the sanction for violating the family planning policy. Accordingly, the IJ found that the evidence submitted by Pan did not undermine J-W-S- and that Pan failed to demonstrate her eligibility for relief.

The BIA dismissed Pan's appeal. It agreed that the evidence was insufficient to demonstrate that a reasonable possibility existed that Pan would be persecuted upon her return to China, stating that, "[n]otwithstanding the respondent's testimony and extensive evidence in support of her claims, we affirm the . . . finding that [she] has not met her burden of proof." Citing to J-W-S-, the 2007 Country Report, and the Liu Report, the BIA also explained that the "evidence from the Department of State points to a decline in the enforcement . . . of the family planning policy or sterilization, and does not indicate that there is a pattern or practice of sterilizing individuals who return to China after having children in the United States."

Through counsel, Pan now petitions for review of the BIA's final order of removal.

II

We have jurisdiction to review the BIA's final order of removal under 8 U.S.C. §

3

1252(a). The BIA's decision is reviewed under the substantial evidence standard and will be upheld "unless the evidence not only supports a contrary conclusion, but compels it." Zubeda v. Ashcroft, 333 F.3d 463, 471 (3d Cir. 2003) (internal citation omitted).

Pan claims that she has a well-founded fear of being sterilized for having two children in the United States in violation of China's family planning policy. See 8 U.S.C. § 1101(a)(42) (providing that forced sterilization constitutes persecution on account of political opinion). She argues that the IJ and BIA improperly relied on J-W-S- to deny her claim without considering the specific background evidence that she provided. See Zheng v. Attorney Gen., 549 F.3d 260 (3d Cir. 2008) (vacating the BIA's denial of a motion to reopen because it relied on J-W-S- without indicating that it considered evidence submitted by the petitioner). This is not, however, a situation where the BIA ignored evidence. Rather, the BIA's decision indicates that it considered the evidence before it but nevertheless agreed with the IJ that Pan failed to meet her burden of proof. We do not find error in the lack of any express discussion of certain documents. Although the BIA must consider the evidence presented to it, it need not parse or write an exegesis on each piece of evidence submitted. See Abdulai v. Ashcroft, 239 F.3d 542, 549-50 (3d Cir. 2001); Sevoian v. Ashcroft, 290 F.3d 166, 178 (3d Cir. 2002). In sum, because there is no basis for the argument that the BIA failed to consider the evidence in the record, and because the evidence submitted does not contradict the determination that sterilization is unlikely, we are not compelled to overturn the BIA's decision. See Yu v.

4

Attorney Gen., 513 F.3d 346, 349 (3d Cir. 2008).

Finally, because the threshold for asylum is lower than those for withholding of removal and relief under the CAT, Pan cannot successfully challenge the dismissal of those claims.  See id.

For the foregoing reasons, we deny Pan's petition for review.