**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-4294
_____

RAMIL KAMAL OGLU KHANALIYEV,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A093-330-130)
Immigration Judge: Honorable Mirlande Tadal

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 18, 2010

Before: AMBRO, CHAGARES and ALDISERT, Circuit Judges

(Opinion filed September 10, 2010)

_____

OPINION
_____

PER CURIAM

Ramil Kamal Khanaliyev seeks review of the Board of Immigration Appeals'

("BIA") final order of removal. In its order, the BIA affirmed the Immigration Judge's

("IJ") decision to deny Khanaliyev's application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We will deny the petition.

II.

Khanaliyev, a native and citizen of Azerbaijan, was admitted to the United States on May 26, 2008, as a non-immigrant visitor with authorization to attend an exchange program from June 2008 until September 2008. Khanaliyev remained in the United States beyond September 2008 without authorization from the U.S. Department of Homeland Security ("DHS"). Khanaliyev applied to extend his non-immigrant status and was denied. DHS subsequently issued a Notice to Appear, charging Khanaliyev with removability under INA § 237(a)(1)(B) for having remained in the United States longer than permitted.

Khanaliyev conceded removability before the IJ and, in April 2009, applied for asylum, withholding of removal and protection under CAT. In his application, Khanaliyev alleged that prior to leaving Azerbaijan he was persecuted by law enforcement officers for having participated in a student group which opposes the country's government.[1] Specifically, he claimed that, in March 2008, he was arrested and detained for participating in a demonstration. Khanaliyev claimed that he was confined for nearly a week, beaten with a baton, denied sufficient food, and prohibited from

---

[1]Khanaliyev also claimed that he has been a member of the Vehdet Party, another political group, since April 2007.

2

contacting family and friends. After he was released, he required medical attention. Khanaliyev believes that, if he is returned to Azerbaijan, he will be arrested by the police, likely tortured, and forced to switch his allegiance to the ruling party.

After a hearing on the merits, the IJ found Khanaliyev not credible and denied his application for relief. The BIA dismissed Khanaliyev's appeal, concluding that the IJ's adverse credibility determination was not clearly erroneous. Khanaliyev filed a timely petition for review in this Court.

III.

This Court has authority to review final orders of removal. See 8 U.S.C. § 1252(a). "[W]hen the BIA both adopts the findings of the IJ and discusses some of the bases for the IJ's decision, we have authority to review the decisions of both the IJ and the BIA." Chen v. Ashcroft, 376 F.3d 215, 222 (3d Cir. 2004). We review an adverse credibility determination under the substantial evidence standard. Xie v. Ashcroft, 359 F.3d 239, 243 (3d Cir. 2004). Under this deferential standard of review, this Court must uphold a credibility determination unless "'any reasonable adjudicator would be compelled to conclude to the contrary.'" Gao v.Ashcroft, 299 F.3d 266, 272 (3d Cir. 2002) (quoting INA § 242(b)(4)(B)).[2]

_____

[2]Because Khanaliyev filed his asylum application after May 11, 2005, the provisions of the REAL ID Act governing credibility determinations in asylum applications apply. See Chukwu v. Att'y Gen. of the U.S., 484 F.3d 185, 189 (3d Cir. 2007). Under the REAL ID Act, a trier of fact may base a credibility determination on inconsistencies, inherent implausibilities, inaccuracies, and other factors, without regard to whether they

We conclude that the adverse credibility determination in this case is supported by substantial evidence. The IJ and BIA identified several substantial inconsistencies between Khanaliyev's asylum application and his hearing testimony, as well as inconsistencies in his testimony throughout the course of the merits hearing. Specifically, Khanaliyev claimed in his application and on direct examination that he had only been arrested once for his political affiliation, in March 2008. See Joint Appendix ("J.A.") at 64-65; 126-31. On cross-examination, however, he testified that he was previously arrested during a political demonstration and released the same day. (Id. at 84-85.)

Khanaliyev also presented conflicting testimony regarding attempts by the police to contact him following his March 2008 arrest and detention. He first testified that, following the arrest, police contacted him at his home and continued to contact his family after he came to the United States. (Id. at 77.) Khanaliyev then testified that the police did not contact him while he was still in Azerbaijan, but that they contacted his family after he arrived in the United States. (Id. at 78-79.) Later, he testified that police contacted his family while he was still in Azerbaijan, but that they did not contact him directly. (Id. at 82.) In his asylum application, Khanaliyev failed to mention the police contact altogether. (Id. at 77, 126-31.) When questioned about this omission as well as the inconsistencies in his testimony, Khanaliyev cited his poor language skills and his lack of assistance in preparing his asylum application. (J.A. 85). However, as the IJ aptly

relate to the heart of an applicant's claim. See INA § 208(b)(1)(B)(iii).

4

noted, Khanaliyev has been represented by counsel throughout his removal proceedings, including the time before he filed his asylum application. (Id. at 116.)

Lastly, Khanaliyev also omitted from his asylum application, but later testified, that he had been expelled from his university in Azerbaijan and that, prior to his expulsion, he had to pay a bribe in order to receive passing grades due to his political affiliations. (Id. at 67-71.) When the IJ questioned him about the reason for these omissions, he stated that he did not remember everything and also pointed to the application's lack of space. (Id. at 86.) However, as the IJ noted, Khanaliyev attached six additional pages to his application, as well as a letter from his father, none of which mentioned the expulsion.[3] (Id.)

We agree with the BIA that Khanaliyev's explanations for these inconsistencies and omissions are inadequate. In addition, much of the corroborating evidence that he submitted with his application, while reflective of his association with various opposition groups, fails to substantiate his alleged persecution in March 2008.[4] Although Khanaliyev argues that these inconsistencies, particularly his prior arrest, do not go to the heart of his claim, see Pet. Brief at 16-17, as we noted, under the REAL ID Act a trier of

---

[3]Khanaliyev claimed that it was his father who first informed him of his expulsion.

[4]While Kanaliyev did present an outpatient record showing that he received medical treatment on March 12, 2008 for bruising and contusions, we agree with the IJ that such evidence is insufficient to establish a claim of persecution, particularly in light of his attendant inconsistent testimony. See Kibinda v. Att'y Gen., 477 F.3d 113, 119 (3d Cir. 2007) (defining persecution as threats to life, confinement, torture, and economic restrictions so severe that they constitute a threat to life or freedom).

fact may base a credibility determination upon an inconsistency without regard to whether that inconsistency goes to the heart of the claim. See INA § 208(b)(1)(B)(iii). In any event, although the REAL ID Act applies here, we conclude that Khanaliyev's claim that he was previously arrested is undoubtedly related to his claim that he was persecuted for having participated in the later March 2008 demonstration.

After reviewing the record as whole, we cannot conclude that "any reasonable adjudicator would be compelled to find" Khanaliyev credible. Gao, 299 F.3d at 272 (internal quotation marks and citation omitted).

As Khanaliyev did not meet his burden of proof on his asylum claim, his claim for withholding of removal necessarily fails.[5] See Yu v. Att'y Gen., 513 F.3d 346, 349 (3d Cir. 2008). With respect to his claim under CAT, we conclude that the BIA properly denied his claim as the record does not demonstrate that anyone in the Azejbaijan government, or anyone acting with its acquiescence, seeks to torture him. See Tarrawally v. Ashcroft, 338 F.3d 180, 187-88 (3d Cir. 2003); 8 C.F.R. § 208.16(c)(2).

Accordingly, we will deny the petition for review.

---

[5]Although Khanaliyev raised a due process claim in his BIA appeal regarding the inadequacy of the interpreter provided to him during his merits hearing, we agree with the Government that he has failed to raise that argument in his petition for review and thus the claim has been waived. See United States v. Pelullo, 399 F.3d 197, 222 (3d Cir. 2005).

6