**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-2994
_____

JIN CHEN,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA,
Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A098-046-764)
Immigration Judge:  Miriam K. Mills
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)

Before: SMITH, HARDIMAN and STAPLETON, Circuit Judges

(Opinion filed: January 5, 2012 )
_____

OPINION
_____

PER CURIAM

Jin Chen petitions for review of an order of the Board of Immigration Appeals
(BIA) affirming the decision of an Immigration Judge (IJ) denying asylum, withholding
of removal, and relief under the Convention Against Torture (CAT).  For the reasons

1

detailed below, we will deny the petition for review.

Chen is a citizen of China. He arrived in the United States in 2004, and was charged by the Department of Homeland Security with being removable under section 212(a)(6)(A)(i) of the Immigration and Nationality Act (INA), 8 U.S.C. § 1182(a)(6)(A)(i), as an alien who was present in the United States without being admitted.

Chen conceded that he was removable as charged, but applied for asylum, withholding of removal, and CAT protection. Chen contended that he was entitled to relief because he had experienced past persecution, and feared future persecution, due to his practice of Falun Gong. At a hearing before an Immigration Judge (IJ), Chen testified that he began practicing in 2002. In 2004, police raided the house where he and his companions practiced; although Chen was not then present, the police located and arrested him, detained him for three weeks, and beat him daily during the detention. Chen stated that his parents eventually paid a fee that secured his release, but after he was freed, the police sought to re-arrest him. Chen therefore fled to the United States.

The IJ denied all relief to Chen. The IJ determined that Chen had not testified credibly in support of his claims, and had also failed to present necessary corroborating evidence. The IJ concluded that these flaws doomed each of Chen's claims. The BIA then remanded the case to the IJ, concluding that part of her credibility finding — that Chen was not credible because he had not displayed a knowledge of Falun Gong — was improper because no one at the hearing had asked Chen any questions that would probe his knowledge of the practice.

2

On remand, the IJ again denied Chen's claims. The IJ explained that even assuming that Chen was knowledgeable about Falun Gong, he had failed to present credible testimony or sufficient corroborating evidence, and that he was therefore not entitled to relief. This time, the BIA agreed with the IJ's analysis and dismissed Chen's appeal. Chen then filed a timely petition for review in this Court.

We have jurisdiction under 8 U.S.C. § 1252(a)(1) to review the BIA's final order of removal. Where, as here, the BIA renders its own decision and does not merely adopt the opinion of the IJ, we review the BIA's decision. Wong v. Att'y Gen., 539 F.3d 225, 230 (3d Cir. 2008).

Chen first argues that the BIA erred in concluding that he had failed to provide credible testimony. We review agency factual determinations, including findings concerning credibility, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). Because Chen filed his asylum application after May 11, 2005, the provisions of the REAL ID Act governing credibility determinations apply. See Chukwu v. Att'y Gen., 484 F.3d 185, 189 (3d Cir. 2007). Prior to the implementation of the REAL ID Act, minor omissions or inconsistencies that did not go to the heart of an asylum applicant's claim were insufficient to support adverse credibility determinations. See Gao v. Ashcroft, 299 F.3d 266, 272 (3d Cir. 2002). Under the REAL ID Act, meanwhile, a trier of fact may base a credibility determination on any inconsistencies, without regard to whether they relate to the heart of the alien's claim.

3

§ 1158(b)(1)(B)(iii).[1]

We conclude that substantial evidence supports the BIA's credibility finding. As an initial matter, in his asylum application, Chen stated only that while he was detained, "the officers interrogated me and beat me up." Meanwhile, Chen testified at his hearing to much more drastic mistreatment: he said that he was beaten daily, often with hammers and sticks. While "[a]n applicant's testimony is not per se lacking in credibility simply because it includes details that are not set forth in the asylum application," Cao v. Att'y Gen., 407 F.3d 146, 160 (3d Cir. 2005) (internal quotation marks omitted), it was reasonable for the BIA to believe that Chen would not have left such compelling, graphic details out of his original application if the incidents had truly occurred, see Reynoso-Lopez v. Ashcroft, 369 F.3d 275, 279 (3d Cir. 2004) (later embellishment of claim may support adverse credibility finding) — especially since an attorney had helped him prepare his application, cf. Smolniakova v. Gonzales, 422 F.3d 1037, 1045 (9th Cir. 2005).

Likewise, Chen's testimony about being beaten with hammers and sticks conflicts with an affidavit provided by his friend, Yin Hua Zhou, who was arrested along with Chen, in which Zhou stated only that during detention, the men were treated "rudely." See generally 8 U.S.C. § 1158(b)(1)(B)(iii) (providing that credibility determinations may be based on, among other things, "the consistency of such statements with other evidence of record"). Finally, it was reasonable for the BIA to conclude that Chen's

---

[1] We have not yet applied the REAL ID Act standard in a precedential opinion. Here, the inconsistencies that the agency found relate to the heart of Chen's claims for relief, and would thus support an adverse credibility determination even under the pre-REAL ID Act standard.

credibility was undermined by the fact that, in his affidavit, he mentioned practicing Falun Gong with his companions only on Sundays, while he testified that he practiced with his friends almost every day. For these reasons, we discern no error in the BIA's credibility finding.[2]

Substantial evidence also supports the BIA's conclusion that Chen's future-persecution claim is further undermined by his failure to corroborate his contention that he practices Falun Gong in the United States. Corroboration may reasonably be expected for "facts which are central to his or her claim and easily subject to verification." Abdulai v. Ashcroft, 239 F.3d 542, 554 (3d Cir. 2001) (internal quotation marks omitted). We have consistently held that "failure to produce corroborating evidence may undermine an applicant's case where (1) the IJ identifies facts for which it is reasonable to expect the applicant to produce corroboration, (2) the applicant fails to corroborate, and (3) the applicant fails to adequately explain that failure." Chukwu v. Att'y Gen., 484 F.3d 185, 191-92 (3d Cir. 2007). Under the INA, "[n]o court shall reverse a determination made by a trier of fact with respect to the availability of corroborating evidence . . . unless the court finds . . . that a reasonable trier of fact is compelled to conclude that such corroborating evidence is unavailable." 8 U.S.C. § 1252(b)(4).

Here, the BIA engaged in the appropriate inquiry. The BIA noted that, while Chen claimed that he practiced Falun Gong in the United States, he had presented no

_____

[2] Because Chen's asylum, withholding of removal, and CAT claims are based on the same testimony, the adverse credibility finding is fatal to all three claims. See Yu v. Att'y Gen., 513 F.3d 346, 349 (3d Cir. 2008); see also Zine v. Mukasey, 517 F.3d 535, 541 (8th Cir. 2008).

evidence to corroborate this fact. As the BIA emphasized, Chen testified that his cousin, his cousin's wife, his cousin's daughter, and his roommate have all seen him practice in the United States; they thus could readily have corroborated his avowed practice. Moreover, the IJ expressly interrogated Chen about his failure to obtain corroborating evidence. It was altogether reasonable for the BIA to find that Chen's explanation — that people were busy and that he was embarrassed to ask for help — was unpersuasive. Accordingly, the record does not compel a conclusion contrary to the BIA's. See generally Chen v. Gonzales, 434 F.3d 212, 220 (3d Cir. 2005).

Finally, Chen argues that he was denied due process during his hearing before the IJ. More specifically, he contends that on remand, the IJ failed to act as a neutral factfinder. We exercise plenary review over this claim; to prevail, Chen must show "substantial prejudice." Delgado-Sobalvarro v. Att'y Gen., 625 F.3d 782, 787 (3d Cir. 2010).

Chen's right to due process was not violated here. The BIA remanded the case because it concluded that the IJ had improperly based her credibility finding in part on a determination that Chen lacked knowledge of Falun Gong. On remand, the IJ held a hearing in which she invited Chen to display his understanding of the practice and permitted him to present other evidence. While the IJ appeared slightly frustrated by Chen's failure to address the other aspects of her previous credibility finding — that is, the various inconsistencies discussed above — this does not amount to a due process violation. See generally Abdulrahman v. Ashcroft, 330 F.3d 587, 597 (3d Cir. 2003).

Accordingly, we will deny the petition for review.