NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-4068
_____

YING TIAN CHEN,
                                        Petitioner
                    v.

ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA,
                                        Respondent
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A075-713-672)
Immigration Judge:  Honorable Annie S. Garcy
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 8, 2013

Before: RENDELL, ALDISERT and NYGAARD, Circuit Judges

(Opinion filed: May 9, 2013 )
_____

OPINION
_____

PER CURIAM

        Ying Tian Chen, a native and citizen of China, petitions for review of a final order

of removal entered by the Board of Immigration Appeals ("BIA"), which dismissed her

1

appeal of an Immigration Judge's ("IJ") decision denying her application for relief from removal. For the reasons that follow, we will deny the petition for review.

Chen was admitted to the United States in 2002 as a non-immigrant fiancée and overstayed her visa without marrying. She affirmatively filed an application for asylum and other relief in 2008. At her hearing, Chen conceded being deportable as charged under 8 U.S.C. § 1227(a)(1)(B), but claimed that she feared she would be forcibly sterilized because she bore two children in the United States and persecuted for her Christian faith.[1] Chen testified that she would be forced to undergo sterilization and would be fined for having exceeded the number of children allowed under China's family planning law. She also testified that she would practice Christianity only in an unregistered church. She maintained that members of such churches were beaten, and she denied the possibility that some unregistered churches are permitted to operate freely. Chen refused to tell the IJ where she would settle if she returned to China.

The IJ denied relief, concluding that Chen failed to demonstrate both that her fear of persecution is objectively well-founded and that it is more likely than not she will be tortured if she returns to China. The BIA dismissed Chen's appeal, also holding that Chen did not establish an objectively reasonable, well-founded fear of persecution. The BIA noted that Chen had not indicated where she would settle, but instead claimed to fear forcible sterilization and religious persecution throughout the country. The BIA

---

[1] Chen married a Chinese national in 2007. At the time of the hearing, her husband was subject to a final order of removal. She testified that their two children are in China.

explained that the background material in the record showed significant variation by locale in family planning enforcement and the treatment of unregistered religious groups. The BIA therefore concluded that the evidence did not establish a country-wide, well-founded fear of persecution. In doing so, the BIA affirmed the IJ's treatment of Chen's evidence, which was accorded minimal weight because the documents were outdated, did not concern individuals with U.S.-born children, did not mention forcible sterilization, or had not been authenticated. Finally, the BIA affirmed the denial of relief under the Convention Against Torture ("CAT"). This petition for review followed.

We have jurisdiction pursuant to 8 U.S.C. § 1252(a). Where, as here, the BIA issues its own decision on the merits, we review that decision and consider the IJ's ruling "only insofar as the BIA deferred to it." Roye v. Att'y Gen., 693 F.3d 333, 339 (3d Cir. 2012). We review factual findings, such as the BIA's determination regarding Chen's fear of future persecution, for substantial evidence. Yu v. Att'y Gen., 513 F.3d 346, 348 (3d Cir. 2008). This is a deferential standard, and the "BIA's determination will not be disturbed unless 'any reasonable adjudicator would be compelled to conclude to the contrary.'" Id. (quoting Dia v. Ashcroft, 353 F. 3d 228, 249 (3d Cir. 2003)).

Because Chen made no claim of having suffered persecution in the past, she had the burden to establish a well-founded fear of persecution in the future. See Yu, 513 F.3d at 348. To establish that her fear is well-founded, Chen had to prove both a subjective and objective component, i.e., that she fears persecution and that a reasonable person in

3

her position would also fear persecution. See Huang v. Att'y Gen., 620 F.3d 372, 381 (3d Cir. 2010). The BIA found that Chen's fear of future persecution lacks an objectively reasonable basis. Because she did not identify where she would reside in China, Chen's claim is based on a fear of persecution throughout the country. The BIA initially noted that it has found no pattern or practice by the Chinese government of persecuting individuals who have U.S.-born children, citing its decision in Matter of J-W-S- in which it determined that the Chinese government does not have a national policy of requiring forced sterilization of parents who return with foreign-born children. 24 I. & N. Dec. 185, 192 (BIA 2007). The BIA also relied on State Department reports, which indicated that the enforcement of family planning policies varies significantly by locale, and that U.S. officials are not aware of an official policy, "at the national or provincial levels," that mandates sterilization of an individual returning to China with children born abroad. Administrative Record ("A.R.") at 185, 277.

As for the religious persecution claim, the BIA affirmed the IJ's decision to accord greater weight to State Department reports indicating that the treatment of unregistered religious groups varies widely by locale and that most groups carry out their activities openly, A.R. at 230, 233, 235, than to Chen's testimony to the contrary. The BIA was entitled to accord evidentiary weight to the State Department reports, which we have held may constitute substantial evidence. See Zubeda v. Ashcroft, 333 F.3d 463, 477-78 (3d Cir. 2003); Yu, 513 F.3d at 349. Given this evidence, and in light of Chen's failure to

4

identify where she would reside and to provide evidence regarding the policies for that locale, we are satisfied that the BIA's decision is supported by substantial evidence.[2]

Although Chen makes many arguments in her brief, she fails to address the fact that she did not identify where she would reside in China and did not provide evidence of local policies. She has thus failed to challenge the primary rationale for the BIA's decision. Nonetheless, we will briefly address her arguments. Chen asserts that "[i]t is beyond question that China has a one child policy that is sometimes enforced through forced abortions and sterilization procedures" and that her U.S.-born children will count under that policy. Pet'r's Br. at 13. These assertions, however, do not substitute for evidence of the policies currently enforced in the locale in which Chen would settle.

Chen states that she provided localized evidence, but the only documents she cites are two sterilization certificates from the 1980s and a letter from the Mawei Town Family Planning Bureau ("Mawei Town letter") stating that a returning citizen with foreign-born children should be sterilized. A.R. at 298, 355, 543. The IJ accorded little weight to the sterilization certificates because they were outdated and not authenticated, and Chen does not challenge that determination. The BIA held that the Mawei Town letter was properly accorded little weight because it had not been authenticated, did not identify its author, and was obtained specifically for the immigration proceedings. Chen contends

---

[2] Since the threshold for asylum is lower than that for withholding of removal or CAT protection, denial of Chen's asylum claims necessarily results in denial of her other claims. See Yu, 513 F.3d at 349.

that this decision was arbitrary because the BIA did not give a reason for questioning the validity of the letter, which was in a form similar to documents appended to State Department reports (i.e., stamped rather than signed). It is Chen, however, and not the BIA, who bears the burden of establishing the validity of the document. See 8 C.F.R. § 1287.6 (requiring documents in support of an asylum application to be authenticated). The Mawei Town letter was not authenticated in any manner, and Chen has failed to persuasively explain why the stamp should suffice to do so in light of the BIA's other concerns. Accordingly, we cannot conclude that it was error to afford little weight to the document. See Matter of H-L-H- & Z-Y-Z-, 25 I. & N. Dec. 209, 214 (BIA 2010) (giving less weight to documents which were unsigned, obtained for the hearing, and which failed to identify the author). In any event, the BIA noted that the letter did not support Chen's claim because she did not testify that she would settle in Mawei Town, and, even if one were to assume she would, the letter did not mention forcible sterilization or indicate the consequences for refusing sterilization.[3]

Finally, Chen claims that the BIA "cherry-picked" evidence when determining that she failed to establish a well-founded fear of religious persecution. She faults the BIA for allegedly ignoring parts of the State Department reports that describe abuses

---

[3] Chen also argues that she is eligible for asylum because she would be fined for violating the one-child policy. The BIA did not mention this claim, but we note that the IJ found that Chen did not contend or prove that the payment of a fine would result in economic hardship rising to the level of persecution. A.R. at 30. Chen does not challenge this determination with any specificity in her brief.

suffered by members of some unregistered religious groups.  We reject this argument as it amounts to nothing more than a dispute about the weight to be accorded evidence in the record.  Furthermore, Chen failed to establish that the abuses cited in the reports were relevant to her claim because she did not identify where she would settle in China.

For these reasons, we will deny the petition for review.