**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-1372
_____

QINGMEI DONG a/k/a Quinmei Dong,
                                        Petitioner

v.

ATTORNEY GENERAL OF THE
UNITED STATES OF AMERICA,
                                        Respondent
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A093-043-228)
Immigration Judge:  Honorable Annie S. Garcy
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 6, 2014

Before:  RENDELL, GREENAWAY, JR. and ALDISERT, Circuit Judges

(Filed: August 7, 2014)

_____

O P I N I O N
_____

PER CURIAM

Petitioner Qingmei Dong petitions for review of a final order of removal issued by

the Board of Immigration Appeals (BIA). For the reasons detailed below, we will deny the petition for review.

Dong is a citizen of China. She arrived in the United States in November 2002, and in 2009, the Department of Homeland Security charged her with being removable as an alien who entered the United States without being admitted or paroled. See 8 U.S.C. § 1182(a)(6)(A)(i). Dong conceded removability but applied for asylum, withholding of removal, and relief under the Convention Against Torture (CAT).

Before an Immigration Judge (IJ), Dong testified in support of her applications. She alleged that she was entitled to relief because (1) she has had two children in the United States and thus, under China's family-planning policies, would be subject to sterilization or fines; and (2) she has begun to practice Christianity in the United States, intends to join an underground church in China, and would be persecuted in China for practicing her faith. The IJ denied all relief, concluding that Dong had failed to meet her respective burdens of proof.

Dong then appealed to the BIA, which dismissed her appeal. The BIA ruled, as to Dong's claims concerning China's family-planning policies, that Dong had failed to present sufficient evidence to show that she faced a reasonable possibility of suffering economic persecution or sterilization. The BIA also concluded that Dong had failed to establish a well-founded fear of future persecution in China on account of her Christianity. Thus, the BIA rejected Dong's asylum and withholding-of-removal claims.

2

Finally, the BIA ruled that Dong had failed to show that it was more likely than not that she would be tortured in China, and hence denied relief on the CAT claim. Dong then filed a timely petition for review in this Court.

We have jurisdiction pursuant to 8 U.S.C. § 1252. Because the BIA issued its own opinion, we review its decision rather than the IJ's. Roye v. Att'y Gen., 693 F.3d 333, 339 (3d Cir. 2012). We must uphold the agency's factual findings, including its findings as to whether Dong has demonstrated a well-founded fear of future persecution, if they are "supported by reasonable, substantial and probative evidence on the record considered as a whole." Kayembe v. Ashcroft, 334 F.3d 231, 234 (3d Cir. 2003). We will reverse a finding of fact only if "any reasonable adjudicator would be compelled to conclude to the contrary." § 1252(b)(4)(B).

In pressing her asylum and withholding-of-removal claims, Dong does not claim that she was previously persecuted in China; rather, she argues that she will be persecuted in the future if removed to China. A future-persecution claim requires the applicant to demonstrate a subjective fear of persecution and that her fear is objectively reasonable. See Lie v. Ashcroft, 396 F.3d 530, 536 (3d Cir. 2005). To satisfy the objective prong, the applicant must show either that (1) she would be individually singled out for persecution or (2) there is a pattern or practice in the home country of persecuting similarly situated people. Id.

Dong's primary argument is that if she returns to China, she will be sterilized. See generally Yuan v. Att'y Gen., 642 F.3d 420, 426 (3d Cir. 2011) (requiring asylum applicant to show "a reasonable likelihood that he or she will be forcibly sterilized upon repatriation" (quotation marks omitted)). The BIA denied relief, relying primary on the 2007 China: Profile of Asylum Claims and Country Conditions Report, which states that China "prohibits the use of physical coercion to compel persons to submit to sterilization," and that foreign-born children are not counted for purposes of China's family-planning rules. This Court has previously upheld a BIA conclusion, founded on the same report, that a woman in Dong's position would not be sterilized in China. See Chen v. Att'y Gen., 676 F.3d 112, 116 (3d Cir. 2011); see also Yu v. Att'y Gen., 513 F.3d 346, 349 (3d Cir. 2008) ("This Court has repeatedly recognized that State Department reports may constitute substantial evidence.").

Dong argues that, rather than relying on this State Department report, the BIA should have credited memos purportedly from a neighborhood board and a village committee that, at least generally, support her claim. The BIA "accorded limited weight" to those documents because, in its view, they were not properly authenticated. Dong does not squarely challenge this conclusion; rather, she argues only that the BIA's discussion of the authentication requirements was inadequate. We disagree. The BIA specifically stated that the full extent of Dong's authentication was an unsworn letter from an interested witness (her brother) who was not subject to cross-examination. Dong

4

had the burden of authenticating her evidence, see Zhu v. Att'y Gen., 744 F.3d 268, 274 (3d Cir. 2014), and it was reasonable for the BIA to conclude that she failed to meet that burden here, see Chen, 676 F.3d at 117; see also Chen v. Gonzales, 434 F.3d 212, 218-20 (3d Cir. 2005).

It was also reasonable for the BIA to place limited weight on an excerpt of the 2006 Congressional-Executive Commission on China because that report, unlike the 2007 Profile of Asylum Claims, does not specifically discuss how family-planning rules are applied to citizens (like Dong) whose children were born in the United States rather than China. The same analysis applies to letters that Dong provided from her mother and her neighbor. While the women claimed that they had been sterilized, their children were born in China. Accordingly, we conclude that substantial evidence supports the BIA's finding that Dong failed to show a likelihood that she would be forcibly sterilized in China.

Dong further argues that, even if her violation of family-planning rules would not result in sterilization, it would cause her to be persecuted economically. The BIA rejected this claim, observing that the country-conditions evidence in the record "reflects a wide variation in the amount of social compensation fees," and that Dong had not established that the fees (if any) that she would be required to pay would cause her severe economic disadvantage. That rationale is entirely consistent with this Court's authority, see Chen, 676 F.3d at 116-17, and is supported by substantial evidence.

5

Dong's challenge to the BIA's rejection of her religious-persecution claim fares no better. The documentary evidence in the record, which includes the State Department's 2010 International Religious Freedom Report and the 2007 Profile of Asylum Claims, shows that the Chinese government's treatment of religious groups varies from region to region, and that, in some cases, unregistered churches operate without repercussions. Thus, Dong cannot establish the requisite "systemic, pervasive, or organized" persecution to sustain a pattern-or-practice claim. Lie, 396 F.3d at 537-38. Nor did Dong present any evidence to suggest that she faced an individualized risk of persecution. See Ni v. Holder, 635 F.3d 1014, 1020 (7th Cir. 2011). Thus, substantial evidence supports the BIA's conclusion that Dong failed to establish that she would be persecuted in the future, and the BIA therefore did not err in denying Dong's asylum and withholding-of-removal claims.

Dong's challenge to the BIA's rejection of her CAT claim likewise lacks merit. To prevail, Dong must show that the record compels the conclusion "'that it is more likely than not that he or she would be tortured if removed to the proposed country of removal.'" Sevoian v. Ashcroft, 290 F.3d 166, 174-75 (3d Cir. 2002) (quoting 8 C.F.R. § 208.16(c)(2)). Here, Dong has presented no evidence beyond that which the BIA concluded was insufficient to establish that she would be persecuted in China, which will not suffice. See generally Tun v. INS, 445 F.3d 554, 567 (2d Cir. 2006) (holding that

6

"torture requires proof of something more severe than the kind of treatment that would suffice to prove persecution").

Accordingly, we will deny the petition for review.