NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-1106
_____

KARAMBEER SINGH,
                                        Petitioner

v.

THE ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA,
                                        Respondent
_____

On Petition for Review of a Final Order
of the Board of Immigration Appeals
(Agency No. A200-284-241)
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
September 20, 2016

Before: McKEE, *Chief Judge*, HARDIMAN, and RENDELL, *Circuit Judges*.

(Filed: September 26, 2016)

_____

OPINION*
_____

HARDIMAN, *Circuit Judge*.

---

  *This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Karambeer Singh filed a petition for review of an order of the Board of Immigration Appeals (BIA) upholding the denial of his application for asylum and withholding of removal. We will deny his petition.

I

A native and citizen of India, Singh entered the United States in August 2011 by crossing the Mexican border without inspection. One month later, the Department of Homeland Security (DHS) served him with a Notice to Appear. Singh conceded his removability, but applied for asylum and withholding of removal, alleging past persecution and a fear of future persecution by Sikhs in India due to his membership in a "social-religious" group known as the Dera Sacha Sauda (DSS).

In support of his application, Singh filed documentary evidence, which included several affidavits from family members, acquaintances, and witnesses to two beatings he allegedly suffered at the hands of Sikhs in August 2007 and February 2011, as well as medical records from those beatings. Singh also testified before an Immigration Judge (IJ) who denied his application in finding that Singh was not credible as to his accounts of past assaults and failed to corroborate his claims of persecution. Singh appealed to the BIA, which upheld the IJ's decision. Singh then filed this petition.[1]

---

[1] The BIA had jurisdiction pursuant to 8 C.F.R. §§ 1003.1(b)(3) and 1240.15. We have jurisdiction over Singh's petition for review under 8 U.S.C. § 1252(a)(1). Because the Board's decision "substantially relie[d]" upon the IJ's, we have jurisdiction to consider both decisions. *See Kaita v. Att'y Gen.*, 522 F.3d 288, 295–96 (3d Cir. 2008).

II[2]

Singh first argues that the IJ's adverse credibility determination improperly relied on inconsistencies between his testimony and documentary evidence. We disagree. Singh testified that: (1) the 2007 beating left him with a "scar . . . on his left cheek[,] about an inch-and-a-half below his left eye;" (2) during the 2011 beating he was hit in the forehead with a rifle butt and bled so heavily that he required sutures; and (3) there had been no witnesses that he could recall to either the 2007 or 2011 beating. Supp. App. 162–63, 179–80, 182, 185, 189–91. Yet the one-page medical reports Singh submitted, which were signed by the same physician, are silent regarding the injuries to which he testified. Further, contrary to his testimony, Singh submitted two affidavits from alleged eyewitnesses to the beatings. Given the mismatch between Singh's alleged injuries and his medical reports, as well as his testimony and witness evidence, the IJ's adverse credibility determination was well supported by the record. *See, e.g.*, *Xie v. Ashcroft*, 359 F.3d 239, 242–43 (3d Cir. 2004) (upholding an adverse credibility determination based on "inconsistencies and omissions" in the record).

Singh's remaining two arguments take issue with the IJ's reliance on a U.S. medical report Singh received in 2013 describing his past medical history as

---

[2] We review the Board's decision upholding the IJ's denial of Singh's application for asylum and withholding of removal for substantial evidence, *see Yu v. Att'y Gen.*, 513 F.3d 346, 348 (3d Cir. 2008), meaning that "administrative findings of fact," including adverse credibility rulings, "are conclusive unless *any* reasonable adjudicator would be *compelled* to conclude to the contrary," 8 U.S.C. § 1252(b)(4)(B) (emphases added). *See Dia v. Ashcroft*, 353 F.3d 228, 249 (3d Cir. 2003).

"unremarkable," and news articles on violence committed by DSS members against Sikhs. At the outset, we note that the IJ may consider any "evidence of record" to adjudicate asylum claims, *see* 8 U.S.C. § 1158(b)(1)(B)(ii), and that Singh submitted the evidence to which he now objects. But even apart from that evidence, the IJ's determination that Singh failed to demonstrate past persecution or a well-founded fear of future persecution is supported by the record. We perceive no facts from which a different result is "compelled." *See* 8 U.S.C. § 1252(b)(4)(B).

\* \* \*

Accordingly, we will deny Singh's petition for review.

4