**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-1959
_____

CHARLES HEZA,
                                        Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                        Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A097-208-532)
Immigration Judge: Honorable Richard Randall Ozmun

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 15, 2010

Before: BARRY, GREENAWAY, JR. and STAPLETON, Circuit Judges

(Opinion filed: October 5, 2010)
_____

OPINION
_____

PER CURIAM.

        Charles Heza seeks review of a final order of removal entered by the Board of

Immigration Appeals ("BIA").  We will deny Heza's petition for review.

1

Heza is a native of Kenya and citizen of Rwanda.  In 1999, he and his sister entered the United States on F-1 student visas to attend college in Pennsylvania as part of a program that afforded full scholarships to several Rwandan students in exchange for a promise that they would return to Rwanda upon completing their studies.[1]  After graduating in 2001, Heza chose to remain in the United States and did not attend a special graduation ceremony in Rwanda for the returning students – an action that met with an expression of displeasure at the ceremony from the President of Rwanda.  Heza conceded in proceedings before an Immigration Judge ("IJ") that he is removable for overstaying his visa, and he pursued applications for asylum and withholding of removal.  (The IJ noted that Heza did not seek Convention Against Torture relief or voluntary departure.)

The IJ rejected Heza's asylum application because he filed beyond the one-year deadline. The IJ found that, while Heza was on notice in May 2001 that the President of Rwanda was displeased with his failure to return for the graduation ceremony, he did not apply for asylum until July 2003.  The IJ found no changed or extraordinary circumstances to excuse the untimely filing.  The IJ also denied withholding of removal, concluding that Heza had failed to show a clear probability that it is more likely than not that he will be persecuted in Rwanda on a protected ground, including an imputed "anti-government" political opinion.  The IJ added that Heza is a native of Kenya, and that his parents currently reside in that country unharmed. Further, although Heza's father lost his job as a Rwandan government official about ten months

[1]

 Heza's sister was a respondent in the removal proceedings but is not a party to this petition for review.  The parties have indicated that she currently resides in Canada.

after his children failed to attend the graduation ceremony, the IJ found no evidence that Rwandan officials targeted Heza's father, or that any animus toward his father would be imputed to Heza.

The BIA adopted and affirmed the IJ's decision. It rejected Heza's argument that changed circumstances could excuse the untimely asylum application. The BIA agreed that Heza was on notice of his claim in May 2001, and it added that Heza clearly was on notice by March 2002, when his father was warned about the children's failure to return and told that their passports would not be renewed. The BIA also agreed that withholding of removal is unwarranted. It observed that Heza and his sister had given contradictory reasons for their father's loss of his government job, one of which (that their father had improperly represented the Rwandan government without permission) had nothing to do with their failure to return. In addition, the BIA found that "any actions that might be directed against [Heza and his sister] were because of their failure to fulfill their obligations after having been provided educational opportunities in the United States, not because of any of the five statutory bases." A.R. at 5. Further, even assuming that an anti-government political opinion might be imputed to Heza for failing to return, the BIA found that he did not have an objective, well-founded fear of persecution on that basis. Heza had established only that he might be subjected to an indoctrination program upon return, which Heza failed to prove would amount to persecution. The BIA added that there was no showing that Heza's father had suffered persecution in the past, or that the Rwandan government has a continuing interest in Heza or his father.

After the BIA reissued its decision at Heza's request, Heza timely filed a petition for review. We have jurisdiction under 8 U.S.C. § 1252(a)(1). "[W]hen the BIA both adopts the

3

findings of the IJ and discusses some of the bases for the IJ's decision, we have authority to review the decisions of both the IJ and the BIA." Chen v. Ashcroft, 376 F.3d 215, 222 (3d Cir. 2004). "The [agency]'s determination will not be disturbed unless any reasonable adjudicator would be compelled to conclude to the contrary." Yu v. Att'y Gen., 513 F. 3d 346, 348 (3d Cir. 2008) (quotation marks omitted).

As a threshold matter, to the extent that Heza raises a challenge in this Court to the finding that his asylum application was untimely filed, we lack jurisdiction to review that determination. See Issiaka v. Att'y Gen., 569 F.3d 135, 137 (3d Cir. 2009). Moreover, because Heza has not sought Convention Against Torture relief, our review is properly limited to the agency's denial of withholding of removal.

"The threshold for establishing eligibility for withholding of removal is higher than that for establishing entitlement to asylum and requires the alien to demonstrate a 'clear probability' that, upon removal to the country of origin, his or her 'life or freedom would be threatened on account of one of the statutorily enumerated factors.'" Obale v. Att'y Gen., 453 F.3d 151, 161 (3d Cir. 2006) (quoting Senathirajah v. INS, 157 F.3d 210, 215 (3d Cir. 1998)). The clear probability standard requires a showing that it is more likely than not that the petitioner will suffer persecution. Miah v. Ashcroft, 346 F.3d 434, 439 (3d Cir. 2003). Persecution includes "threats to life, confinement, torture, and economic restrictions so severe that they constitute a threat to life or freedom," but it "does not encompass all treatment that our society regards as unfair, unjust, or even unlawful or unconstitutional." Fatin v. INS, 12 F.3d 1233, 1240 (3d Cir. 1993).

The record supports the finding that Heza has not shown a clear probability that he faces

4

persecution in Rwanda on account of his race, religion, nationality, membership in a particular social group, or political opinion. Indeed, the only arguable grounds for relief that Heza has put forth are based upon (i) an imputed anti-government political opinion by virtue of his failure to return to Rwanda, and (ii) actions taken against his father after Heza failed to return. Heza has not shown, however, that the record compels the conclusion that he is entitled to relief on these grounds. As the BIA found, while Heza *might* be required to participate in an indoctrination program, known as "Ingando," Heza failed to establish that Ingando participation will be mandatory, or, moreover, that participation in the Ingando program would amount to persecution. Further, the actions taken against Heza's father (primarily, the loss of his government job ten months after Heza failed to return, for reasons that might have had nothing to do with Heza), do not compel a finding that Heza's removal must be withheld. As the IJ noted, Heza's parents continued living in Rwanda unharmed after Heza failed to return for the graduation ceremony, and even after being terminated from his government job, Heza's father was allowed to move freely within Rwanda prior to relocating to Kenya in 2003. In short, the record supports the conclusion that Heza did not show an objectively reasonable basis for his fear of future persecution in Rwanda.

We have considered Heza's remaining arguments before this Court, but we find those arguments without merit and in need of no separate discussion, as Heza has not shown that the record compels a finding contrary to that reached by the agency. We note Heza's suggestion that the IJ improperly attacked his character, and exhibited bias, by denying voluntary departure even though Heza had not sought that relief. Petitioner's Br. at 29. We find no support for this contention. The IJ merely stated: "The Respondents did not seek voluntary departure. If they

5

had, this Court would have denied voluntary departure as a matter of discretion." A.R. at 714. This brief statement, which is dictum and was not repeated by the BIA, does not support a showing of bias on the part of the IJ.

For the foregoing reasons, we will deny the petition for review.