**IMG-021**                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 09-1718, 10-1442, & 10-3012
_____

QIN ZHU & FENG DONG,
                                        Petitioners

v.

ATTORNEY GENERAL OF THE UNITED STATES

_____

On Petitions for Review of Orders of the
Board of Immigration Appeals
(Agency Nos. A78-209-746 & A98-906-617)
Immigration Judge:  Honorable Margaret R. Reichenberg

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 3, 2011

Before:  FUENTES, VANASKIE AND NYGAARD, Circuit Judges

(Opinion filed: February 11, 2011)

_____

OPINION
_____

PER CURIAM

Qin Zhu, and her husband, Feng Dong, citizens of the People's Republic of China,

petition for review of three decisions of the Board of Immigration Appeals ("BIA").  For

the reasons discussed below, we will deny the petitions.

I.

Zhu and Dong are both from Fuzhou City in Fujian Province. Zhu was admitted to the United States on September 1, 2000, with authorization to remain until December 15, 2000. In April 2005, Zhu filed an affirmative application for asylum, withholding of removal, and relief under the United Nations Convention Against Torture ("CAT"). She argued that she feared persecution under China's family planning policies because she had given birth to two children in the United States. Dong, who entered the United States illegally in 1996, was named as a derivative applicant on Zhu's asylum application. Dong also filed a separate asylum application, raising essentially identical claims. In June 2005, the petitioners were charged with removability. See Immigration and Nationality Act §§ 237(a)(1)(B) & 212(a)(6)(A)(i) [8 U.S.C. §§ 1227(a)(1)(B) & 1182(a)(6)(A)(i)].

The petitioners appeared before an Immigration Judge ("IJ"), conceded their removability, and testified in support of their applications for relief.[1] The IJ concluded that while the petitioners had demonstrated a "subjectively genuine fear of persecution," they failed to demonstrate that they would be singled out for persecution or that there is a "pattern or practice" of sterilizing returning Chinese citizens with two children born in the United States. Because the petitioners failed to satisfy the lower statutory burden of proof required for asylum, the IJ found that they also necessarily failed to satisfy the clear

---

[1] The Government stipulated that the one-year time bar to filing an asylum application did not apply. See INA § 208(a)(2)(B) [8 U.S.C. § 1158(a)(2)(B)].

probability standard required for withholding of removal. Finally, the IJ concluded that the petitioners did not sufficiently establish that they would more likely than not be subjected to torture if returned to China. The petitioners appealed to the BIA.

Citing In re J-W-S-, 24 I. & N. Dec. 185 (BIA 2007), the BIA agreed that the evidence in the record did not support the petitioners' assertion that their children would be "considered against the number of children allowed under China's family planning laws such that they will be subjected to forced sterilization upon their return." According to the BIA, "the evidence presented suggests that children born abroad, if not registered as permanent residents in China, which is optional, are not considered by the Chinese officials for purposes of their family planning policies." The petitioners filed a timely petition for review, which was docketed at No. 09-1718.

The petitioners also filed a timely motion to reopen. In support of the motion, the petitioners submitted numerous documents which they claimed demonstrated that they would be subject to China's coercive population control program if removed. The BIA denied the motion on January 19, 2010. After thoroughly documenting the material submitted by the petitioners, the Board concluded that the evidence either had been previously submitted and considered, lacked indicia of authenticity, or was insufficient to establish that the petitioners will face persecution. The BIA also rejected the petitioners' claim that its reliance on In re J-W-S- was "misplaced" because that decision "misquoted" the State Department's 2007 Country Profile on China. The allegedly faulty translation errors were minor, according to the BIA, and would not likely change the

result if the proceedings were reopened. The petitioners filed a petition for review, No. 10-1442.

At the same time, on February 22, 2010, the petitioners filed a motion to reopen, reconsider, and remand with the BIA. They presented allegedly "new and material evidence," and argued that the Board had erred in requiring authentication of their evidence and in concluding that the evidence was insufficient. The Board denied the motion on June 17, 2010, finding that it was untimely as a motion to reconsider, number-barred as a motion to reopen, and that no exceptions to the time and numerical limitations were applicable. See 8 C.F.R §§ 1003.2(b)(2), (c)(2), and (c)(3). In particular, the BIA distinguished the "new" evidence because it pertained to population control policies in places other than the petitioners' hometown. The Board also acknowledged that failure to follow the authentication procedure outlined in 8 C.F.R. § 1287.6 is not an absolute rule of exclusion, but maintained that the petitioners' failure to authenticate the documents in any manner undermined their evidentiary value. Finally, the BIA concluded that it was not persuaded by a report indicating that the 2007 Country Profile on China was not reliable. The petitioners filed their third petition for review, which was docketed at No. 10-3012, and consolidated with No. 09-1718 and No. 10-1442.

## II.

We have jurisdiction under INA § 242(a) [8 U.S.C. § 1252(a)]. To qualify for asylum, the petitioners must show that they are "unable or unwilling to return to [China] . . . because of persecution or a well-founded fear of persecution," which can include

4

forced sterilization. INA § 101(a)(42) [8 U.S.C. § 1101(a)(42)]; see also INA § 208 [8 U.S.C. § 1158]. An alien's failure to demonstrate eligibility for asylum necessarily means that she failed to meet the higher burden of proof for statutory withholding of removal. See Mudric v. Att'y Gen., 469 F.3d 94, 102 n.8 (3d Cir. 2006). For relief under the CAT, the petitioners must demonstrate that it is more likely than not that they would be tortured if removed to China. See 8 C.F.R. § 1208.16(c)(2); see also Pierre v. Att'y Gen., 528 F.3d 180, 186, 189 (3d Cir. 2008) (en banc).

Because the BIA's original final order of removal both adopted the findings of the IJ and discussed some of the bases for the IJ's decision, we review the decisions of both the IJ and the BIA. See Chen v. Ashcroft, 376 F.3d 215, 222 (3d Cir. 2004). Our review of these decisions is for substantial evidence, considering whether they are "supported by reasonable, substantial, and probative evidence on the record considered as a whole." Lin-Zheng v. Att'y Gen., 557 F.3d 147, 155 (3d Cir. 2009) (en banc) (internal citation omitted). We review the denial of the motions to reopen and for reconsideration for abuse of discretion. See Borges v. Gonzales, 402 F.3d 398, 404 (3d Cir. 2005). Under this standard, we may reverse the BIA's decision only if it is "arbitrary, irrational, or contrary to law." Guo v. Ashcroft, 386 F.3d 556, 562 (3d Cir. 2004).

III.

The IJ and the Board initially determined that the petitioners' evidence failed to establish that their children would be counted as Chinese citizens for purposes of enforcing family planning policies. The petitioners argue that the "evidence indicates

5

that sterilizations are sufficiently common so as to warrant the grant of relief." After

thoroughly reviewing the evidence that the petitioners cite in their brief, however, we

conclude that it does not compel a conclusion contrary to that reached by the BIA.[2]  The

petitioners also claim that the Board erred by requiring that they not register their

children as part of their household to avoid having the children counted for family

planning purposes.  This mischaracterizes the Board's order, which merely concluded

that the "evidence presented suggests" that unregistered, foreign-born children would not

be counted against parents for purposes of family planning compliance.  Thus, we

conclude that the BIA did not err in its review of the IJ's decision.

We also agree that the Board did not abuse its discretion in denying the

_____

[2] For instance, the petitioners quote a translated document from Lianjiang County stating if a couple returns to China with children born abroad, "their children shall be counted as the number of children for family planning purpose[s]."  The petitioners, however, do not claim that they are from Lianjiang County, a suburb of Fuzhou City.  See Liu v. Att'y Gen., 555 F.3d 145, 149 (3d Cir. 2009) (acknowledging BIA's conclusion that enforcement of the family planning policy can vary widely from locality to locality).  In addition, a U.S. State Department's Consular Information Sheet, which stated that China regards children of Chinese nationals to be Chinese citizens, does not indicate how such children are treated for family planning law purposes.  Another State Department report provided that "a family with a U.S.-born child or children receives no special treatment under family planning laws," but the report also states that "U.S. diplomats in China are not aware of any cases in which returnees from the United States were forced to undergo sterilization procedures on their return."  Finally, the 2006 State Department Country Reports, a Fuzhou City administrative decision, and a Changle City birth control document, none of which documented policies of forced sterilizations, do not undermine the determination that the petitioners did not have an objectively reasonable fear of sterilization.  See Yu v. Att'y Gen., 513 F.3d 346, 348-49 (3d Cir. 2008) (holding that State Department Country Reports constituted substantial evidence supporting the BIA's finding that the petitioner's fear of forced sterilization upon returning to China was not objectively reasonable).

petitioners' first motion to reopen. See 8 C.F.R. § 1003.2(c). The petitioners submitted

additional documentation in support of their claim that they will face sterilization on

account of having two children in violation of China's family planning policies. The

petitioners acknowledge, however, that approximately half of those documents were

previously available, and that some of the evidence had been reviewed and dismissed by

the Board in precedential decisions. To the extent that the evidence the petitioners

submitted with their first motion to reopen fell into one of these categories, the Board did

not abuse its discretion.

In their brief, the petitioners focus on a few documents which they assert

established a prima facie case for reopening.[3] For example, the petitioners refer to a

Laofeng Village Committee notice, which, according to a letter from Dong's father, was

produced in response to his inquiry about "current implementation of the Chinese family

planning policy." The notice indicated that the petitioners may be targeted for

sterilization. The petitioners, however, have not plausibly explained why these

documents could not have been discovered or presented at the hearing before the IJ.[4]

_____

[3] The petitioners also suggest that the BIA abused its discretion by failing to adequately consider their evidence. We disagree. While the BIA must consider the evidence presented, it need not expressly parse each piece of evidence submitted in its opinion. See Zheng v. Att'y Gen., 549 F.3d 260, 268 (3d Cir. 2008) (citing Wang v. BIA, 437 F.3d 270, 275 (2d Cir. 2006)). Furthermore, the petitioners have waived any claim regarding a "mistranslation" in the State Department's 2007 Country Profile on China by failing to raise that issue in their brief. See In re Surrick, 338 F.3d 224, 237 (3d Cir. 2003). In any event, we agree with BIA that the purported translations errors are minor and do not support reopening.

[4] Likewise, the petitioners have not demonstrated why they could not previously have

The petitioners' second child was born in August 2005, and they initiated asylum proceedings that same year. Importantly, though, the notice, whose policy was derived from the 2002 Population and Family Planning Regulations of Fujian Province ("Family Planning Regulations"), was not generated until 2009. See 8 C.F.R. § 1003.2(c)(1). In addition, we agree that responses from the "Population and Procreation Planning Committee of Fujian Province" and the "Fuzhou Call Center for the Convenience of the People" to individual inquiries about the family planning policy do not reflect a policy of forced sterilization. Although both documents mention sterilization as a means of contraception, neither demonstrates that parents who return with a second child born outside of China will be sterilized. See In re J-W-S-, 24 I. & N. Dec. at 191-93. The Board also reasonably refused to reopen based on the 2008 Annual Report of the Congressional-Executive Commission on China, as the petitioners fail to demonstrate that the Report contains material information which was unavailable at the time of their hearing before the IJ.

The petitioners also relied on a letter and evidence from Dong's "good friend," who indicated that he was fined and that his wife was forcibly sterilized after the couple returned to the petitioners' hometown with two children born in Argentina. The BIA, however, properly observed that the petitioners "failed to establish the authenticity of their foreign documents in any manner." See Liu v. Ashcroft, 372 F.3d 529, 533 (3d Cir.

submitted a statement from Zhu's older cousin, who stated that she was forcibly sterilized after the birth of her second child in 2004.

2004) (recognizing that failure to authenticate under 8 C.F.R. § 1287.6 does not warrant "per se exclusion of documentary evidence, and a petitioner is permitted to prove authenticity in another manner"). Although the petitioners assert that the friend's letter was accompanied by the fine receipt and a sterilization operation certificate, that material was photocopied and is undermined by State Department reports indicating that Chinese documents, particularly those from Fujian Province related to birth control and abortion, are subject to widespread fraud and fabrication. Cf. Yu v. Att'y Gen., 513 F.3d 346, 349 (3d Cir. 2008) (recognizing that State Department reports may constitute substantial evidence). Under these circumstances, we conclude that the BIA did not abuse its discretion in according little weight to the documents provided by Dong's friend.

We also conclude that the BIA did not abuse its discretion in denying the petitioners' motion to reconsider, remand, and reopen on June 17, 2010. The petitioners acknowledge that their motion to reconsider was untimely because it was filed more than 30 days after the BIA's earlier decision in their case. See 8 C.F.R. § 1003.2(b)(2). Their assertion that "'mere technicalities' should not stand in the way of consideration of a case on its merits" is unavailing. We also find no merit in the petitioners' efforts to establish changed county conditions so as to excuse their number-barred motion to reopen. See 8 C.F.R. §§ 1003.2(c)(2), (c)(3). Indeed, as the Board noted, the evidence submitted by the petitioners pertained to population control policies in places other than their hometown, the documents were unauthenticated, and most of the material predated their prior motion

9

to reopen.

## IV.

For the foregoing reasons, we will deny the petitions for review.