**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-4413
_____

XIN BIAN GUO,
                        Petitioner


v.

ATTORNEY GENERAL OF THE UNITED STATES,
                        Respondent
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. 077-927-575)
Immigration Judge: Honorable Susan G. Roy
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 16, 2011
Before:  AMBRO, GREENAWAY, JR. and GREENBERG, Circuit Judges

(Opinion filed: April 12, 2011)
_____

OPINION
_____

PER CURIAM

    Xin Bian Guo, a Chinese citizen, seeks review of a final order of the Board of

Immigration Appeals ("BIA").  For the following reasons, we will deny the petition for

review.

1

I.

Guo entered the United States on May 9, 2000 and soon thereafter was served with a notice to appear charging him as removable under 8 U.S.C. § 1182(a)(7)(A)(i)(I). Guo timely filed an application for asylum, withholding of removal, and protection under the United Nations Convention Against Torture ("CAT"), claiming that he was persecuted under China's family planning policy. In November 2002, an Immigration Judge ("IJ") sitting in New York denied Guo's application, finding him to be not credible. The BIA adopted and affirmed the IJ's decision. The United States Court of Appeals for the Second Circuit, however, vacated the BIA's decision after determining that the adverse credibility determination was not supported by substantial evidence. In June 2007, the BIA remanded the case to the IJ. Guo's subsequent motion for a change of venue was granted, and in May 2008, Guo appeared before an IJ in Newark, New Jersey.

At his removal proceedings, Guo claimed that his wife had suffered a forced abortion and that he was persecuted for resisting the family planning policy.[1] He testified that he and his wife had a child in 1998. Despite having had an intrauterine device implanted in December 1998, Guo's wife learned that she was pregnant again in October 1999. In December 1999, family planning officials came to Guo's house, and his wife admitted to the officials that she was pregnant because she believed that she and Guo would only have to pay a fine for violating the family planning policy. The officials, however, dragged Guo's wife out of the house to take her to a clinic where an abortion

---

[1] With the consent of the parties, the IJ in New Jersey made her decision based on the evidence in the record and did not hold a new hearing.

would be performed. While this was happening, Guo was outside the house, building a brick wall. He turned around upon hearing the commotion, and accidentally hit a female officer in the forehead with a brick. The officers then sought to arrest Guo for assaulting an official. By this time, however, Guo's neighbors had come outside, and Guo took advantage of the confusion and ran away. In his affidavit accompanying his asylum application, Guo stated that one of the officials, whom he knew, allowed him to escape. He then took a bus to a friend's house, where he stayed for several days. A few days after the incident, he spoke to his wife and found out that she had been forced to have an abortion. She also told him that the police had destroyed many objects in their home and that they wanted to arrest him. Guo's asylum application states that he left China in March 2009 with the help of a smuggler. His wife and child remain in China and live with her family.

On February 2, 2009, the IJ denied Guo's claims, finding that he did not meet his burden of proof. Pursuant to *Matter of J-S-*, 24 I. & N. Dec. 520 (BIA 2008), the IJ determined that Guo was not per se entitled to refugee status based on his wife's forced abortion. Rather, he was eligible for relief only if he qualified as a refugee based on his own persecution or well-founded fear of future persecution for otherwise resisting the family planning policies. *See Lin-Zheng v. Att'y Gen.*, 557 F.3d 147, 156-57 (3d Cir. 2009) (en banc). The IJ found that the accidental assault of the officer was a criminal act that did not equate resistance to the family planning policy. Additionally, the IJ concluded that even if the brick incident constituted resistance, Guo did not demonstrate that he was persecuted as there was no indication that he suffered any harm even though

3

he stayed in China for nearly three months after the incident occurred. The IJ also noted that a 2007 letter from Guo's wife did not support his claim, as it only recounted the circumstances of her abortion and did not mention the brick incident.

The BIA affirmed the IJ's decision. It first rejected Guo's argument that *Matter of J-S-* should not be retroactively applied to his case.[2] The BIA also agreed that Guo did not demonstrate that he had resisted China's family planning policies or that he was persecuted due to any such resistance. The BIA then concluded that Guo had failed to demonstrate a well-founded fear of future persecution, and that because he had failed to establish his eligibility for asylum, he could not meet the higher threshold for withholding of removal and did not present any evidence that he was eligible for CAT relief.

Guo has now filed a petition for review, which the government opposes.

## II.

We have jurisdiction to review a final order of removal under 8 U.S.C. § 1252(a)(1). The BIA's decision is reviewed under the substantial evidence standard and will be upheld "unless the evidence not only supports a contrary conclusion, but compels it." *Zubeda v. Ashcroft*, 333 F.3d 463, 471 (3d Cir. 2003) (internal citation omitted).

As the BIA concluded, Guo may not rely on his wife's forced abortion to establish automatic asylum eligibility based on past persecution. *See Lin-Zheng*, 557 F.3d at 156. Based on the statutory definition of refugee under 8 U.S.C. § 1101(a)(42), we have determined that refugee status extends only to individuals who have been subjected to an

---

[2] Guo does not challenge the BIA's decision regarding the application of *Matter of J-S-* to his case. Accordingly, we do not consider this issue.

4

involuntary abortion or sterilization procedure, have been persecuted for failure to undergo such a procedure, or have a well-founded fear of such persecution in the future. *Id.* Spouses are eligible for relief if they qualify as a refugee based on their own persecution or well-founded fear of persecution for "other resistance" to a coercive population control program. *Id.* at 157.

Guo argues that he was persecuted for resisting his wife's forced abortion by hitting a family planning officer with a brick.[3] However, even assuming that assaulting a family planning officer constitutes "other resistance," substantial evidence supports the BIA's determination that Guo was not persecuted. *See Fatin v. INS*, 12 F.3d 1233, 1240 (3d Cir. 1993) (defining persecution as "threats to life, confinement, torture, and economic restrictions so severe that they constitute a threat to life or freedom"). Guo escaped unharmed from the scuffle with the aid of an official and was able to remain in China without incident until he left for the United States nearly three months later. *See Yu v. Att'y Gen.*, 568 F.3d 1328, 1334 (11th Cir. 2009) (stating that the petitioner did not demonstrate past persecution by hiding with his wife to avoid her sterilization, being fined, or being threatened with arrest). Although Guo testified that the police destroyed items in his house and sought to arrest him due to the brick incident, such harm does not

---

[3] Guo correctly argues that we must treat his testimony as credible because the IJ did not make a specific credibility finding. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). However, he incorrectly asserts that his credible testimony was sufficient to prove his eligibility for relief. *See* 8 C.F.R. § 208.13(a) ("The testimony of the applicant, if credible, *may* be sufficient to sustain the burden of proof without corroboration.") (emphasis added).

rise to the level of persecution.[4]  *Cf. Toure v. Att'y Gen.*, 443 F.3d 310, 318-19 (3d Cir. 2006); *Voci v. Gonzales*, 409 F.3d 607, 614 (3d Cir. 2005).

Guo also has not set forth any argument sufficient to compel us to overturn the BIA's decision that he failed to establish a well-founded fear of future persecution if he returns to China.  *See Abdulrahman v. Ashcroft*, 330 F.3d 587, 592 (3d Cir. 2003) (explaining a petitioner's burden to prove a well-founded fear of future persecution when he or she has not established past persecution).

Because the threshold for asylum is lower than that for withholding of removal, Guo cannot successfully challenge the denial of that claim.  *See Yu v. Att'y Gen.*, 513 F.3d 346, 349 (3d Cir. 2008).  Finally, we agree that Guo failed to establish eligibility for CAT protection.  *See* 8 C.F.R. § 208.16(c)(4).

In sum, the evidence does not compel us to overturn the BIA's decision to deny Guo's claims, and for the foregoing reasons, we deny the petition for review.

---

[4] Guo also argues that even if he accidentally hit the family planning official, he was persecuted on account of his imputed political opinion.  *See Lukwago v. INS*, 329 F.3d 157, 181-82 (3d Cir. 2003) (recognizing that a petitioner may be eligible for asylum if the persecution he has suffered is "on account of a political opinion that the applicant actually holds or on account of one the foreign government has imputed to him").  It is unnecessary for us to consider this argument because, as explained above, any harm that Guo suffered due to the brick incident did not rise to the level of persecution.