

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-25-2008

# Liu v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1303

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Liu v. Atty Gen USA" (2008). *2008 Decisions.* Paper 198.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/198

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-1303
_____

QIAO MIAO LIU,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
Respondent

_____

On Petition for Review of an Order
of the Board of Immigration Appeals
BIA No. A95-862-218
(U.S. Immigration Judge: Annie S. Garcy)

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 15, 2008
Before:  SCIRICA, Chief Judge, CHAGARES and ALDISERT, Circuit Judges

(Filed:  November 25, 2008 )
_____

OPINION OF THE COURT
_____

PER CURIAM.

Qiao Miao Liu petitions for review of an order of the Board of Immigration

Appeals (BIA), which sustained the Government's appeal and reversed the Immigration

Judge's decision that had granted her asylum. For the reasons that follow, we will grant the petition and remand for further proceedings.

Liu is a female native of China's Fujian Province who seeks asylum due to fear of forced abortion or forced sterilization if she is returned to her home country. After arriving in the United States, Liu married a Chinese native.[1] She and her husband had two daughters in the United States, one born in 2003 and one born in 2005. A.R. 169. Liu testified before the Immigration Judge (IJ) that she would face forced sterilization in China because her daughters were not properly spaced–under Chinese law, she should have waited five years before giving birth to a second child. A.R. 170. Liu and her husband also testified that they desired to have more children. A.R. 175, 215, 270. Liu testified that her mother, mother-in-law, and two aunts had each been forcibly sterilized after having between one and five children, to enforce China's population control policy. A.R. 170-71, A.R. 222-23.

The Immigration Judge granted Liu asylum. She found that Liu's two U.S. citizen children would return with her to China if she were deported; that they likely would be discovered by the authorities; that she and her husband intended to have more children; and that she had a reasonable and well-founded fear that any attempt to do so would result in forced abortion or forced sterilization. The IJ based these conclusions both on

---

[1] Liu's husband was under a final deportation order when they married. He was taken into custody by immigration authorities during the pendency of Liu's removal proceedings and it appears he may have been removed. A.R. 77; 507.

governmental reports in the record and on Liu's testimony concerning her relatives who had been forcibly sterilized.

The BIA reversed the IJ's decision and ordered that Liu be removed. It found that Liu's fear of forced sterilization was too speculative, basing this conclusion solely on a 2002 State Department Report (released in 2003), which noted that China simply required payment of a "social compensation" fee by families that exceeded the child allowance, and that even this policy was only sporadically enforced. A.R. 3. The BIA found that Liu had failed to meet her burden of proof "in the absence of any additional evidence which would support her fear." Id. The BIA did not mention Liu's testimony about the specific conditions in her home city and the experiences of her immediate family members. Nor did the BIA discuss other portions of the record that the IJ found supported Liu's claims.[2]

Although this court is generally deferential to decisions of the BIA, agency determinations must be supported by substantial evidence. See, e.g., Dia v. Ashcroft, 353 F.3d 228, 248 (3d Cir. 2003). In this case, the BIA overturned the IJ's thoroughly

---

[2] For example, the IJ noted that although a report produced by the Immigration and Naturalization Service indicated that Chinese scholars who studied abroad, had children overseas, and then returned to China might be treated in a lenient fashion [A.R. 309], there was no evidence that someone like Liu, who is not a scholar, would receive similar lenient treatment. A.R. 88. In fact, the IJ noted that the State Department's June 2004 profile of Chinese asylum claims stated that "a family with a U.S.-born child or children receives no special treatment under family planning laws." A.R. 88, 440. The IJ noted that the Profile stated that U.S. diplomats in China were unaware of any cases of Chinese returnees who were forcibly sterilized, but the same Profile also acknowledges "huge gaps in our knowledge due to China's size and political culture, communications limitations, and a frequent lack of cooperation from authorities." A.R. 88-89, 432, 440.

3

reasoned decision to grant asylum in a general and cursory two-page opinion. A review of the IJ's decision and the administrative record reveal that the BIA's conclusion that Liu failed to introduce any specific evidence to support her fear of forced sterilization is not supported by substantial evidence. While the BIA may have had other reasons for denying Liu's asylum claim, we are not free to guess what those reasons might be.

The petition for review is granted, and the proceedings remanded to the BIA to permit the agency to demonstrate that substantial evidence supports the BIA's decision. I.N.S. v. Ventura, 537 U.S. 12 (2002). (". . . the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation."). In light of the BIA's failure to acknowledge and discuss the evidence that Liu submitted, such a remand is necessary.