NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 13-2198

_____

QIAO MIAO LIU,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A095-862-218)
Immigration Judge:  Honorable Annie S. Garcy

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 19, 2013

Before:  FISHER, GARTH and ROTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed: September 20, 2013)

_____

OPINION

_____

PER CURIAM

Qiao Miao Liu petitions for review of a decision of the Board of Immigration

Appeals ("BIA" or "Board"), which affirmed the Immigration Judge's ("IJ") decision

denying her relief from removal.  We will deny the petition for review.

Because the parties are familiar with the history and facts of the case, we will recount the events in summary fashion. Liu was granted asylum in 2005, but the Board reversed the decision on the Government's appeal. We granted Liu's petition for review and remanded the matter for further proceedings, noting that the BIA had failed to address pertinent evidence. See Liu v. Att'y Gen., 300 F. App'x 137 (3d Cir. 2008). The Board then issued an order remanding to the IJ for further proceedings and a new decision. A new master hearing was held on September 7, 2011, at which Liu was questioned about the status of her husband and her attempt to authenticate two village notices she had presented in support of her application.[1] The IJ issued a written opinion finding that Liu had failed to meet her burden of proof for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). The BIA dismissed Liu's appeal, agreeing that Liu had failed to meet her burden of proof as to asylum and withholding of removal, and that she had waived any claims for relief under the CAT by failing to address the issue in her brief.[2] Liu then filed a timely, counseled petition for review.

---

[1] Liu argues that a "master calendar was held on June 29, 2010" and that the transcript of the hearing is missing from the record. Petitioner's Brief at 17, 23. However, a "Notice of Hearing in Removal Proceedings," dated June 29, 2010, states that the master hearing was reset for August 24, 2010, "for DHS to retrieve its record—by agreement off record." A.R. 280. The notice is stamped, "This notice served on both parties in open court on above date by IJ A. Garcy." Id. Thus, it appears that both parties were present on June 29, 2010, and in proceedings off the record, agreed to continue the hearing to a later date (the hearing eventually took place on September 7, 2011).

[2] Liu does not contest the finding that she waived any claims for CAT relief, so we will

2

We review the agency's factual findings, including findings regarding likelihood of persecution, see Huang v. Att'y Gen., 620 F.3d 372, 382-83 (3d Cir. 2010), under the substantial evidence standard. See Briseno–Flores v. Att'y Gen., 492 F.3d 226, 228 (3d Cir. 2007). We uphold the factual findings "unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

Although the IJ found that Liu was a credible witness in testifying to her genuine fear of persecution, thereby satisfying the first, subjective component of the "well-founded fear of persecution" test, see Yu v. Att'y Gen., 513 F.3d 346, 348 (3d Cir.2008), the facts of record do not establish the required second, objective component of the test, namely, that her fear of persecution is objectively reasonable, id. The BIA properly considered and weighed State Department reports which provided evidence contradicting Liu's claim that her fear of persecution is objectively reasonable, see Yu, 513 F.3d at 349 (State Department reports may constitute substantial evidence), and also gave close consideration to the evidence submitted by Liu. It considered the documents Liu submitted from China, including two unsigned, unauthenticated notices from the "Village Committee" purportedly addressed to Liu's husband, and a letter from Liu's mother-in-law. However, as the BIA's opinion explained in detail, because the record reflects that such documents were either unauthenticated or lacked minimal indicia of trustworthiness, the BIA gave them less weight in its consideration of Liu's application.

not address those claims further.

3

While we have held that failure to authenticate under 8 C.F.R. § 287.6 does not warrant "per se exclusion of documentary evidence, and a petitioner is permitted to prove authenticity in another manner," the BIA correctly held that Liu's failure to authenticate her evidence in any manner undermines its evidentiary value. Chen v. Gonzales, 434 F.3d 212, 218 n.6 (3d Cir.2005). The first Village Committee Notice is confusing, as it appears that it is addressed to a woman. A.R. 100.[3] Further, although Liu testified that village officials told her mother-in-law that the notices would never be authenticated, the unsworn letter from Liu's mother-in-law does not mention this statement, nor does it indicate that she made any other attempt to authenticate the notices.[4] Given the unauthenticated statements, and the other record evidence, including the State Department reports, the record does not compel us to find that Liu has an objectively reasonable fear of persecution. As she failed to meet the burden of proof for entitlement to asylum, she necessarily failed to meet the higher burden for withholding of removal

---

[3] The notice states in part, "If you were Chinese citizen and had one child, you would be the object to insert an IUD." It notes that Liu and her husband have two children, and concludes that her husband is required "to have ligation operation." A.R. 100. While it is possible that the "you" in the first sentence is used in a general sense, the rest of the notice appears to use the word "you" to specifically refer to Liu's husband.

[4] Liu argues that she cannot challenge the IJ's finding that the documents were not properly authenticated because the transcript of the June 29, 2010 hearing is missing. However, as noted, it appears that Liu's attorney agreed to proceed off the record on that date. Further, at the merits hearing on September 7, 2011, after determining that the notices had not been properly authenticated, the IJ asked Liu's attorney if he had any response about the lack of authentication, and he said he did not. A.R. 90. Thus, if he disagreed with the IJ's authentication requirements, he had an opportunity to state his objections on the record.

under 8 U.S.C. § 1231(b)(3).  See Lukwago v. Ashcroft, 329 F.3d 157, 182 (3d Cir. 2003).

For the foregoing reasons, we will deny the petition for review.